## ALI AKBER KIACHIF et al. v. PHILCO INTERNATIONAL CORPORATION.

United States District Court
S. D. New York.
April 6, 1950.

Samuel B. Ohlbaum, New York City, for plaintiffs.

Donovan, Leisure, Newton, Lumbard & Irvine, New York City, Granville Whittlesey, Jr. and Joseph S. Kelley, New York City, for defendant.

McGOHEY, District Judge.

Defendant moves under Federal Rules of Civil Procedure, Rule 37(d), 28 U.S.C.A., to dismiss the complaint for failure of plaintiff Gholam H. Kiachif to appear for deposition pursuant to notices served on his attorney January 21, 1949 and February 28, 1950.

It appears that Gholam H. Kiachif, who is a resident of Iran, was in this country in 1948 but, as the result of a heart attack,

was in a hospital continuously from the day of his arrival until his departure, which was prior to the service of the notice of January 21, 1949; and that he was in Iran at the time of the service of the second notice. His attorney, upon receipt of the notice of February 28, 1950, informed the defendant's attorney that ill health and the great distance involved precluded appearance of this plaintiff.

There is clearly no showing that the plaintiff's failure to appear was wilful. Indeed, he was out of the country when the notice was served on his attorney.

The defendant urges quite strongly that it must have this plaintiff's testimony in order to prepare its defense. And plaintiffs' attorney says that he, too, would like to have it; and that he will gladly "join in an application for the examination of Gholam H. Kiachif by means of letters rogatory." If the parties agree, this may be considered as a motion under Rule 28(b) for an order directing issuance of letters rogatory to the appropriate judicial authority in Teheran for examination of Gholam H. Kiachif, and they may agree on an appropriate order to be submitted.

The defendant, by another motion, decided herewith, 10 F.R.D. 277, seeks letters rogatory to examine a witness in Teheran. That motion is being granted and so both examinations could proceed, if not simultaneously, then in quick succession. This would seem to afford both parties what they want and save time also.

The motion to dismiss the complaint, however, is denied.