### ROSS v. TRUE TEMPER CORP.
#### Civ. A. No. 27306.

United States District Court
N. D. Ohio, E. D.
Jan. 22, 1951.

Peter E. Klein, Cleveland, Ohio, John P. McKnight, Auburn, Neb., Jack W. Marer, Omaha, Neb., for plaintiffs.

Arthur F. Zalud, Cleveland, Ohio, for defendant.

FREED, District Judge.

Defendant moves to dismiss the complaint on the ground that plaintiff has willfully failed to attend a deposition hearing in Cleveland, Ohio. Rule 37(d), Federal Rules of Civil Procedure, 28 U.S.C.A.

It appears from the affidavit of plaintiff, a Nebraska resident, that his physical condition prevented him from appearing for the deposition hearing. It further appears in the affidavit that he did not then, nor does he presently, have the necessary funds to enable him to travel to Cleveland. These contentions contained in the affidavit are not disputed by the defendant.

The requirements of the law would not be served by the drastic remedy of dismissal suggested by the defendant. There is no showing of unexplained, willful and deliberate disregard of court process. Cf. Collins v. Wayland, 9 Cir., 139 F.2d 677, Peitzman v. City of Illmo, 8 Cir., 141 F.2d 956. Nor, under the extenuating circumstances, does plaintiff's failure to proceed under Rule 30(b), when he was notified to appear for his deposition, justify it.

Under the circumstances defendant may obtain discovery or elicit the information which it seeks in a deposition hearing, by means of written interrogatories.

Should the defendant feel that depositions would better serve its purpose, it may advance sufficient funds to plaintiff to enable him to travel to Cleveland; or in the alternative, it may take plaintiff's deposition in Nebraska.

Motion will be overruled.