Waldo Kent **FERGUSON** and Robert Lowell Rogers, Appellants,

v.

**UNITED STATES** of America, Appellee.

Nos. 7020 and 7021.

United States Court of Appeals Tenth Circuit.

Aug. 22, 1962.

Rehearing Denied Sept. 11, 1962.

Judd L. Black, Oklahoma City, Okl., for appellants.

Jack R. Parr, Asst. U. S. Atty. (B. Andrew Potter, U. S. Atty., was with him on the brief), for appellee.

Before PICKETT, LEWIS and BREITENSTEIN, Circuit Judges.

LEWIS, Circuit Judge.

In the trial of appellants for the purchase and sale of narcotics [1] and conspiracy [2] to violate the narcotics laws, a portion of the evidence leading to their conviction consisted of recordings of telephone calls. Appellants assert that these recordings were improperly admitted into evidence and that because of this and other procedural errors they are entitled to a new trial.

The telephone recordings were made by a device placed upon the extension telephone at the residence of two prostitutes, one of whom became a special employee of the government for the purpose of obtaining evidence in this case. It was she who first reported to Oklahoma City police officers that appellant Ferguson was a narcotics peddler attempting to induce her to resume her former habit and assisted the investigation by attaching the recording device when a possibly incriminating call was sent or received at her apartment. Conversations with both Ferguson and Rogers were recorded which clearly indicate, despite the use of guarded vernacular, a conspiracy to sell narcotics.

Purchases were made by the special employee on four occasions, the last of which was witnessed by concealed government agents. Although in each instance Ferguson accepted the money, he was accompanied on one occasion by Rogers. When the final "buy" took place, Rogers was in his automobile outside the special employee's residence waiting for Ferguson. He was arrested and his residence searched. Thirty-two milligrams of cocaine were found concealed in the attic of his garage.

The defense consisted of explanations to the effect that Ferguson had been given the narcotics by the prostitutes under the instruction that he was to deliver needed amounts from time to time and that Rogers believed that he was aiding Ferguson in a confidence game wherein no real narcotics were to be delivered. The jury was unimpressed by the explanations and rendered its guilty verdicts on December 22, 1960.

Judgment was entered and sentences imposed on January 16, 1961. Motions for new trials for errors in law were filed on January 17 and 20. The trial court denied the motions on February 3 and notices of appeal were filed on February 8 and 10.[3]

The evidence obtained and used in the case at bar was obtained in substantially the same manner as that approved in Rathbun v. United States, 355 U.S. 107, 78 S.Ct. 161, 2 L.Ed.2d 134. It was there held that the contents of a telephonic communication overheard by government agents on a regularly used telephone extension with the consent of one party to the conversation was admissible in federal court. Here, the conversations were recorded rather than directly overheard, the extension

---

1. 26 U.S.C. §§ 4704, 4705.

2. 18 U.S.C. § 371.

3. The government attacks the timeliness of these appeals against this procedural background but admits that under this Court's decisions in Lujan v. United States, 10 Cir., 204 F.2d 171, and Smith v. United States, 10 Cir., 273 F.2d 462, the appeals are procedurally proper. We adhere to our earlier decisions.

phone was installed as an aid to the eavesdropping, and the act of consent of the party was in violation of Oklahoma statutory law. We hold that none ·of these distinctions alters the rule of admissibility found in Rathbun.

The admissibility of recorded telephone conversations under the interdiction of 47 U.S.C.A. § 605 [4] has frequently been subjected to the scrutiny of the various Courts of Appeal and the United States Supreme Court and through the evolutionary process of judicial review has brought forth certain fundamental concepts.

■ The purpose of the statute is to protect the means of communication and not the secrecy of the conversation, Goldman v. United States, 316 U.S. 129, 62 S. ·Ct. 993, 86 L.Ed. 1322. Neither party ·to a telephone conversation may bind ·the other to secrecy merely by using the ·telephone, Rathbun v. United States, 355 U.S. 107, 78 S.Ct. 161, 2 L.Ed.2d 134. Since the fourth amendment was held not applicable to invasions of telephone privacy, Olmstead v. United States, 277 U.S. 438, 48 S.Ct. 564, 72 L.Ed. 944, the ·same approach to the question of rights secured has followed the interpretation ·of Section 605. Thus, permitting an outsider to overhear a face-to-face conversation by means of a device carried on the person did not violate the accused's constitutional rights, On Lee v. United States, 343 U.S. 747, 72 S.Ct. 967, 96 L.Ed. 1270, and eavesdropping while a telephone call is being made does not violate the Federal Communications Act, Goldman v. United States, 316 U.S. 129, 62 ·S.Ct. 993, 86 L.Ed. 1322.

Following these principles, it seems clear that the recording of a telephone conversation is not distinguishable from permitting the entire conversation to be overheard by means of an extension telephone. In Rathbun v. United States, 355 U.S. 107, 78 S.Ct. 161, 2 L.Ed.2d 134, it is said:

" * * * It has been conceded by those who believe the conduct here violates Section 605 that either party may record the conversation and publish it. The conduct of the party would differ in no way if instead of repeating the message he held out his handset so that another could hear out of it. We see no distinction between that sort of action and permitting an outsider to use an extension telephone for the same purpose." 355 U.S. 110, 78 S.Ct. 163.

Evidence similarly obtained was held admissible in Carnes v. United States, 5 Cir., 295 F.2d 598 (1961) and we are in accord with Judge Wisdom's view that the rule is dictated by the "statutory language (of Sec. 605), the authority of the Supreme Court, and sound public policy."

■ By way of motion for new trial upon the grounds of newly discovered evidence appellants claimed to be able to prove that the extension phone was installed for the purpose of utilizing a recorder and error is claimed in the denial of a new trial. It is true that in Rathbun some emphasis is placed upon the fact that the extension phone there used was in normal use. But we do not interpret the reasoning of Rathbun to be founded upon that incidental fact. Government agents may create an opportunity for lawful eavesdropping and need not rely on accidental or natural opportunity. Anspach v. United States, 10 Cir., 305 F.2d 48.

Appellants also assert, and urge as controlling, the fact that the subject evidence would not be admissible in Oklahoma state courts because it was obtained in violation of state law, Cameron v. State, Okl.Cr., 365 P.2d 576, and

---

4. 47 U.S.C.A. § 605: " * * * and no person not being authorized by the sender shall intercept any communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to ·any person; * * *."

consequently there can be no valid consent given to federal agents to record the conversations. The cited case holds that under Oklahoma statutes (21 O.S. 1951 § 1757) [5] any subscriber who directs a connection to the lines or extensions thereof, or permits another without the authority of the telephone company to make it, becomes a principal to the crime and subject to prosecution. The opinion of the Supreme Court of Oklahoma clearly recognizes that the provisions of 47 U.S.C.A. § 605 are "in many respects" unlike Oklahoma statutory restrictions and consequently the decision has little persuasive value on the present issue. Both Congress and the Oklahoma legislature have indicated what those respective bodies consider necessary for the control of telephonic communications. Such legislation need not be in harmony, and may conflict, cf. Benanti v. United States, 355 U.S. 96, 78 S.Ct. 155, 2 L.Ed.2d 126; Weiss v. United States, 308 U.S. 321, 60 S.Ct. 269, 84 L.Ed. 298, but the course of a federal criminal prosecution cannot be controlled by state law. Rule 26 of the Rules of Criminal Procedure, 18 U.S.C.A. provides:

> "In all trials the testimony of witnesses shall be taken orally in open court, unless otherwise provided by an act of Congress or by these rules. The admissibility of evidence and the competency and privileges of witnesses shall be governed, except when an act of Congress or these rules otherwise provide, by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience."

Similarly, a regulation or order directed to the carriers over whom the Federal Communications Commission has jurisdiction, 47 U.S.C.A. § 152, cannot be viewed as creating a new crime prohibited to the citizenry nor as changing the rules of evidence evolved in the federal courts.

Other contentions of error urged by appellants have been considered and found to be without merit.

The judgments are severally affirmed.

---

5. "Any person who maliciously, or without legal authority, removes, injures, or obstructs any line of telephone or telegraph, or any part thereof, or appurtenances or apparatus therewith connected, or severs any wires thereof, or fraudulently or without legal authority, intercepts any message, communication or conversation in its passage over such wires, or who fraudulently or without legal authority connects to any telephone or telegraph line or wire any instrument or other apparatus capable of being used in intercepting messages, communications or conversations, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not less than fifty dollars, nor more than five hundred dollars, or imprisonment in the county jail not exceeding one year, or by both such fine and imprisonment."