Lucille **HARRIS**, Appellant,

v.

**UNITED STATES of America**,
Appellee.

No. 7123.

United States Court of Appeals
Tenth Circuit.

Dec. 10, 1962.

No appearance for appellant (Murphy & Booth, Oklahoma City, Okl., submitted a brief).

No appearance for appellee (B. Andrew Potter, U. S. Atty., and Jack R. Parr, Asst. U. S. Atty., Oklahoma City, Okl., submitted a brief).

Before PICKETT, BREITENSTEIN and HILL, Circuit Judges.

PER CURIAM.

In a four count indictment, the appellant, Lucille Harris, was charged with violations of Sections 4705(a), 4724(a), and 4724(c) of Title 26 U.S.C.A., relating to the unlawful possession and sale of narcotic drugs, and with conspiring to commit those offenses in violation of 18 U.S.C.A. § 371. The appellant was convicted on all counts of the indictment, and she appeals from the judgment and sentence entered thereon. The principal assignment of error is that the trial court should not have admitted into evidence recordings of telephone conversations between an agent of the United States Treasury Department, Bureau of Narcotics, and the appellant.

During the course of his investigation, the agent engaged in a number of telephone conversations with the appellant. These conversations culminated in an agreement that, for a stipulated price, the appellant would deliver to the agent, at a suitable place, a quantity of tablets containing morphine. The package containing the tablets was actually delivered to the agent by a confederate, but the negotiations were with the appellant over the telephone, and when the delivery was made she was nearby in her automobile which was used to make the delivery. The money received was turned over to her. Some of the telephone conversations were, unbeknown to the defendant, recorded through a device attached to the transmitting and receiving portions of an extension of the telephone which was being used by the agent. It is contended that the recordings were made in violation of 47 U.S.C.A. § 605, and, for that reason, are inadmissible in evidence. In Ferguson v. United States, 10 Cir., 307 F.2d 787, upon facts not materially different from those of this case, the subject was carefully considered, and the recordings were held to be admissible. That decision controls the outcome of this case, and further discussion would serve no useful purpose.

Other assignments of error, which include the insufficiency of the evidence to sustain the conviction, and the admission into evidence of a portion of the telephone conversations containing references by the appellant to some nationally known racketeers, have been considered and found to be without merit.

Affirmed.