Commonwealth *v.* Murray, Appellant.

Argued June 14, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, FLOOD, JACOBS, and HOFFMAN, JJ.

*Nathan L. Posner*, with him *Norman Leibovitz, Arthur Packel*, and *Fox, Rothschild, O'Brien & Frankel*, for appellant.

*Vincent C. Veldorale*, Assistant District Attorney, with him *Joseph M. Smith*, Assistant District Attorney, *F. Emmett Fitzpatrick, Jr.*, First Assistant District Attorney, and *James C. Crumlish, Jr.*, District Attorney, for Commonwealth, appellee.

OPINION BY MONTGOMERY, J., September 16, 1965:

The appellant-defendant, John Murray, was convicted by Judge LEFEVER, sitting without a jury, on charges of offering to bribe and bribing a corporate employe in violation of the Act of June 24, 1939, P. L. 872, §667, 18 P.S. §4667.

Defendant now contends (1) that the Philadelphia court did not have jurisdiction, (2) that there was an illegal interception of a telephone conversation the substance of which was for that reason erroneously admitted into evidence, (3) that the evidence did not prove beyond a reasonable doubt that the alleged bribing was committed without the knowledge and consent

of the corporate employer, and (4) that the verdict was against the weight of the evidence.

Defendant, John Murray, had been employed as a superintendent by Lanston Monotype, Inc., Philadelphia, for several years prior to his resignation in 1963 to become employed as general manager of Summit Industries in Aspers, Adams County, Pennsylvania. Four months after his departure from Lanston Monotype defendant contacted Donald C. Haas, an employe of Lanston, over the telephone, the call being made from Adams County to Philadelphia. Haas testified that defendant stated: "Hiya Buddy . . . I want you to do me a favor, Donald . . . I want you to see if you can get me some prints . . . [of] the perforating machine in the paper department . . . [which are located] on the table by Alek Carroll . . . There is $25 in it for you if you do me the favor."

Haas promised to see what he could do about the matter. On the following Monday, the telephone conversation having taken place on Friday, Haas told his union shop steward and later Alfred Warner, superintendent of Lanston, about the telephone conversation. The next day Haas met Harry J. Morris, an investigator in the office of E. J. Charters Associates, private detectives, and a phone call was made to defendant at the Summit plant in Adams County. When defendant answered Haas conversed with him through a telephone on the desk before him while Morris listened on an extension telephone over which the call had been placed. Morris testified that a wire tap had been attached to the switchboard in his office prior to the call and that a recording had been made of the conversation. Haas told defendant that he had obtained the prints, and the home of Haas in Philadelphia was arranged as the meeting place for delivery the following evening. The meeting took place as scheduled and the prints were given to defendant for the agreed $25 consideration.

On the question of jurisdiction it is noted that defendant does not question the right of the Philadelphia court to try him on the bribery charge. His argument is limited to the charge of offering to bribe. It is difficult to see a sufficient reason why the two charges should be considered separately since they are closely interwoven. However, we deem it unnecessary to consider them separately since we conclude that Philadelphia had jurisdiction in either case. Our cases support the statement found in 22 C.J.S. Criminal Law §134, that "[a] person beyond the limits of a state or country putting in operation a force which produces a result constituting a crime within those limits, is as liable to indictment and punishment, if jurisdiction can be obtained of his person . . ." *Commonwealth v. Keenan,* 199 Pa. Superior Ct. 1, 184 A. 2d 793 (1962); *Commonwealth v. Taub,* 187 Pa. Superior Ct. 440, 144 A. 2d 628 (1958).

Particularly, in establishing the crime of offering to bribe it is necessary that the offer be transmitted and received by someone else. Therefore, the crime is not complete until the offer is received by that person who, in this case, was in Philadelphia County. A charge of attempted bribery (or offers to bribe, its equivalent) cannot be sustained in the absence of some contact, communication, or conversation with the person alleged to have been bribed. 12 Am. Jur. 2d Bribery §10. In *Commonwealth v. Friedman,* 193 Pa. Superior Ct. 640, 644, 165 A. 2d 678, 681 (1960), this Court, speaking through Judge WATKINS, stated: "The offer of a bribe is that kind of crime that takes place in the utmost secrecy and only between the offeror and the sport participant whom it was intended to bribe. The alleged statement of the defendant was the gist of the crime."

In support of his second contention defendant argues that the act of Morris in listening to the conversa-

tion between Haas and defendant was in violation of the Act of July 16, 1957, P. L. 956, §1, 15 P.S. §2443, which provides that, "No person shall intercept a communication by telephone or telegraph without permission of the parties to such communication. No person shall install or employ any device for overhearing or recording communications passing through a telephone or telegraph line with intent to intercept a communication in violation of this act. No person shall divulge or use the contents or purport of a communication intercepted in violation of this act. . . .", rendering inadmissible evidence secured in that manner.

The Pennsylvania cases construing this act are limited. In *Commonwealth v. Smith,* 186 Pa. Superior Ct. 89, 140 A. 2d 347 (1958), we held that a police officer who accepted a phone call while engaged in raiding the headquarters of suspected gamblers was not guilty of violating this statute since he was not intercepting a communication by telephone as forbidden by the statute. The same interpretation of the meaning of the word "interception" under Section 605 of the Federal Communications Act of 1934, the Act of June 19, 1934, 48 Stat. 1103, 47 U.S.C.A. §605, finds support in *Rathbun v. United States,* 355 U.S. 107, 78 S. Ct. 161, 2 L. Ed. 2d 134 (1957); *Rayson v. United States,* 9th Cir., 238 F. 2d 160 (1956). Later, in *Commonwealth v. Bruno,* 203 Pa. Superior Ct. 541, 201 A. 2d 434 (1964), cert. denied, 379 U.S. 965, 85 S. Ct. 656, 13 L. Ed. 2d 558, we held that the recording of a message by the rightful receiver of it did not violate the act and was free from any restrictions as to its divulgence and cited the case of *Lopez v. United States,* 373 U.S. 427, 83 S. Ct. 1381, 10 L. Ed. 2d 462 (1963), as being in accord with this ruling. We also pointed out that third parties by overhearing telephone conversations with the consent of the originally intended receiver were not in violation of the Federal Communications

Act and cited *Rathbun v. United States,* supra, as supporting that principle. This is the precise question that confronts us now under the Pennsylvania statute. Morris, by the use of an extension to the telephone being used by Haas and with the permission of Haas, overheard his conversation with the defendant. We are of the opinion, and therefore hold, that his act in overhearing that conversation with the consent of Haas was not in violation of the Pennsylvania statute.

Defendant contends, however, that the wording of the Pennsylvania act indicates an intention different from that in *Rathbun,* but we cannot agree. The Federal statute reads in part, ". . . and no person not being authorized by the sender shall intercept any communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person; . . ." The Pennsylvania act has been previously quoted and the part requiring the consent of the parties (plural) is that which is emphasized by defendant. If this were an *interception* as intended by the Pennsylvania act, of course the consent of both parties would be required, particularly that of defendant, since he is or would be considered the sender of the part of the conversation between him and Haas which indicated an offer of bribery. In a phone conversation both parties are alternately senders and receivers. *Rathbun v. United States,* supra, and cases cited therein. However, since this is not an interception the requirement of defendant's consent becomes unnecessary.

Although the lower court ruled out the recording of the conversation made between Donald C. Haas and defendant and admitted only the testimony of Morris to corroborate the testimony of Haas, since Morris referred to that recording to refresh his memory before testifying, we deem it necessary to pass on its legality. This recording was made under the general plan

evolved by the detective agency and was consented to by Haas. We fail to find any distinction between this recording and the conversation overheard on the extension line. In *Wilson v. United States,* 9th Cir., 316 F. 2d 212, 213 (1963), cert. denied, 377 U.S. 960, 84 S. Ct. 1631, 12 L. Ed. 2d 503, rehearing denied, 377 U.S. 1010, 84 S. Ct. 1923, 12 L. Ed. 2d 1058, is found the following generalization on this subject: "The cases hold that testimony as to a telephone conversation listened to with the consent of only one of the parties to the conversation, does not constitute an interception under Section 605 of the Federal Communications Act, (47 U.S.C.A. §605); and (except for Rayson and Bookie which did not reach the question) that such testimony does not become inadmissible simply because it was recorded by or overheard by an electrical or mechanical device attached to an extension telephone or telephone wiring at the locality of the consenting party."

Therefore, we conclude that there is no merit in defendant's argument that the testimony of Morris was inadmissible as in any way violative of the Act of 1957.

Lastly, defendant complains that the verdict was against the weight of the evidence. We have examined the evidence and we fail to find his contentions supported by the record. Particularly, he complains that the Commonwealth failed to prove the element of lack of knowledge and consent by the employer as stated in the act defining this crime. It is true that after Haas advised his employer of the first offer of bribery the employer was aware of the defendant's desire and proposal. However, the meaning of the act is of a clear and contrary import. It contemplates that the employe is tendered money in a fashion or manner that is not to come within the knowledge or with the consent of the employer. It does not mean that an employer must be ignorant of an attempt to corrupt his

employe. Certainly in the present case the jury was well justified in finding that any offer of money made by defendant to Haas was with stealth and secrecy, such elements as are generally found in offers of this nature. *Commonwealth v. Friedman,* supra. The jury could very well have found lack of consent on the part of the employer under the circumstances of this case in the absence of any evidence to the contrary that might have been furnished by defendant.

Judgment of sentence affirmed and appellant-defendant is directed to appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence, or any part of which had not been performed at the time the appeal was made a supersedeas.