Alfred B. **PARKHURST**

v.

Vincent G. **KLING.**

Civ. A. No. 36164.

United States District Court
E. D. Pennsylvania.
Nov. 22, 1965.

Clark, Ladner, Fortenbaugh & Young, W. Charles Hogg, Jr., Philadelphia, Pa., for plaintiff.

Morgan, Lewis & Bockius, John H. Lewis, Jr., Thos. A. Masterson, Philadelphia, Pa., for defendant.

KRAFT, District Judge.

Now before the Court for disposition are three motions. Initially the plaintiff filed a motion to compel answers from a deponent concerning telephone conversations between the plaintiff and the witness which plaintiff had recorded. Thereupon, the defendant countered with a motion to dismiss for plaintiff's failure to comply with three notices of deposition sent to counsel for the plaintiff by defendant's counsel. Plaintiff's counsel then filed a motion for a protective order to preclude the defendant from taking the plaintiff's deposition except on such

**316**

terms as the Court might direct. All three motions have been exhaustively briefed and vigorously argued by counsel.

Briefly, this action is based on an alleged breach of an oral employment contract by the defendant, an architect, who employed the plaintiff, a real estate broker, to go to Washington, D. C., and there to attempt to obtain the appointment of the defendant to perform architectural services for agencies of the United States.

In due course the plaintiff commenced taking the deposition of one of defendant's employees. While so engaged, the plaintiff propounded to the witness questions regarding the content of telephone conversations between the witness and the plaintiff, which the plaintiff had recorded without the knowledge of the witness.

The defendant's counsel objected to these questions and instructed the witness to withhold answers to them.

The recordings were made by use of a recording machine known as a Soundscriber. Two wires from the recorder were connected to the plaintiff's telephone in the terminal block within the telephone set. The machine was put in operation at the beginning of each conversation and the conversations were thus recorded. All conversations except one[1] were between places outside and places within Pennsylvania. The recordings were made outside that State.

■ Defendant urges that this Court should not lend its aid, by compelling answers to plaintiff's questions, to that which defendant contends was an activity proscribed by § 502 of the Federal Communications Act of 1934 (47 U.S. § 502) and by the Pennsylvania Act of July 16, 1957 (15 P.S. § 2443). In defendant's view these statutes preclude the recording of telephone conversations by one participant without notice to the

other, by means of a tone-warning device or otherwise. Defendant concedes that no violation of § 605 of the Federal Communications Act, which prohibits the *interception* or *publication* of intercepted communications, occurred here. It is settled that no *interception* occurs when one party to a telephone conversation simply records it for his own use. Rathbun v. United States, 355 U.S. 107, 78 S.Ct. 161, 2 L.Ed.2d 134 (1957).

■ We believe that the defendant's reliance on § 502 is unfounded. This section is a *penal statute* applicable to carriers over which the Federal Communications Commission has jurisdiction, but not to the general public. Ferguson v. United States, 307 F.2d 787, 790 (1C Cir. 1962); United States v. Alexander, 218 F.Supp. 916, 918 (W.D. Pa.1963).

■ We find no violation of Pennsylvania law which proscribes interception *and* divulgence of such intercepted communications. Since there was no *interception* in this case divulgence of the communications is not prohibited. Com. v. Bruno, 203 Pa.Super. 541, 201 A.2d 434 (1964), cert. denied 379 U.S. 965, 85 S.Ct. 656, 13 L.Ed.2d 558; Com. v. Murray, 206 Pa.Super. 298, 304, 213 A.2d 162 (1965).

After the controversial deposition a later misunderstanding occurred, in good faith, between counsel about the terms of their agreement to suspend depositions pending disposition of the plaintiff's motion to compel answers. Plaintiff's counsel understood the agreement to provide for the suspension of all depositions meanwhile, and defendant's counsel believed it suspended only those depositions which involved the recorded conversations. Accordingly, the plaintiff, relying as well on the "priority rule" of completing depositions in the order noticed, sought a protective order to preclude his deposition until the contested depositions were completed.[2]

1. This conversation occurred between New York State and Cherry Hill, New Jersey.

2. For a recent discussion of the "priority rule", see Wendkos v. ABC Consolidated

Corporation et al., 38 F.R.D. 426, opinion filed, October 7, 1965, by our learned colleague Judge Van Dusen.

We are persuaded that plaintiff's failure to appear for his deposition after notice resulted from the misapprehension by counsel of the terms of their agreement and, so, was not wilful. We are constrained, therefore, to deny the defendant's motion to dismiss.

Finally, we conclude that orderly discovery in this case warrants the grant of priority to the plaintiff to complete the contested depositions of the defendant and five other witnesses previously noticed by the plaintiff, before the defendant may proceed with the plaintiff's deposition.