**Alfred B. PARKHURST**

v.

**Vincent G. KLING.**

**Civ. A. No. 36164.**

United States District Court
E. D. Pennsylvania.

Jan. 25, 1967.

Clark, Ladner, Fortenbaugh & Young, William Charles Hogg, Jr., Philadelphia, Pa., for plaintiff.

Morgan, Lewis & Bockius, Thomas A. Masterson, Philadelphia, Pa., for defendant.

---

## OPINION

KRAFT, District Judge.

On November 22, 1965, we filed an Opinion herein, D.C., 249 F.Supp. 315, in which we held, inter alia, that when one *party* to a telephone conversation, *himself, records* a communication received from the other *party*, no *interception* occurs within the meaning of the Federal and Pennsylvania statutes. 47 U.S.C.A. § 502; 15 P.S. § 2443.

As one of the supporting precedents for our decision we cited Commonwealth v. Murray, 206 Pa.Super. 298, 304, 213 A.2d 162 (1965). That decision was reversed by the Pennsylvania Supreme Court on October 6, 1966, 423 Pa. 37, 223 A.2d 102. The defendant has now filed a motion to vacate our prior Order, which directed him and other witnesses to answer questions relating to their telephone conversations with the plaintiff, which the *plaintiff* had recorded.

Despite the reversal of *Murray,* we are disinclined to disturb our earlier decision. The pivotal factual distinction between the instant case and *Murray,* we believe, is that, in *Murray,* a *third party* (private detective) listened to the conversation on the telephone extension. The Pennsylvania Supreme Court held this to be an *interception,* because permission to eavesdrop was not obtained from *both* parties to the conversation Our citation of the Superior Court's opinion in *Murray,* as noted by our reference to page 304 of 206 Pa.Super., 213 A.2d 162, was to indicate that Pennsylvania was in accord with the prevailing Federal law, Rathbun v. United States, 355 U.S. 107, 78 S.Ct. 161, 2 L. Ed.2d 134 (1957) that the *consent of one party* to a telephone conversation rendered evidence obtained by wiretapping admissible. The Supreme Court of Pennsylvania has disagreed, holding that *Rathbun* had no application to the Pennsylvania statute, which proscribes an *interception* "without permission of the *parties* to such communication." (emphasis ours)

The distinction between the Pennsylvania and Federal statutes, we think, is immaterial to the question before us. We adhere to our earlier conclusion, primarily because neither law was intended to prohibit one *party* to a telephone conversation from recording that conversation for his own purposes. The "dirty business" sought to be terminated by the Pennsylvania statute was the *interception* and recording by *third parties* of communications without the consent of *all the parties* thereto. When recording by one of his conversation with another shall have become an "interception" of their conversation the word "intercept" shall have taken on a new and different meaning indeed.

The defendant has also moved for a protective order to stay the taking of the deposition of the defendant's wife. In support of this motion an affidavit of the wife has been filed, which avers that she has no relevant knowledge of the subject matter of the pending suit.

We conclude that the defendant has not shown sufficient "good cause", as required by Rules 26 and 30(b), to preclude the plaintiff from taking Mrs. Kling's deposition. If the "good cause" requirement could be thus simply met by an ex parte affidavit that the affiant had no relevant knowledge of the subject matter of the action the salutary purpose of Rule 26, providing for unlimited discovery would be easily and unjustifiably frustrated. Schroeder v. Bethlehem Steel Co., 8 F.R.Serv. 30b31 case 1 (E.D.N.Y.1945); 4 Moore's Federal Practice, par. 30.06 (2d ed. 1963). The plaintiff is at least entitled to test the truth of the statements of defendant's wife concerning her lack of knowledge. Overseas Exchange Corp. v. Inwood Motors, Inc., 20 F.R.D. 228 (S.D.N.Y.1956)

The defendant's remaining motions for production of documents and to exclude Lawrence B. Hermann from further depositions having been since resolved by agreement of counsel, require no action.

## ORDER

Now, this 25th day of January, 1967, It is ordered that

(1) the defendant's motion to vacate the Court's Order of November 22, 1965 be, and it is, denied;

(2) the defendant's motion for a protective order to stay the taking of Mrs. Kling's deposition, be, and it is, denied.