426 P.2d 598

Olga KALOSHA, Aleksander Kiula and Vik-
tor Gushcha, heirs of Elizabeth Hysze al-
so known as Elizaveta Gushcha; and Losif
S. Dashko, sole heir of Sofia Dashko, Wid-
ow of Sawa Dashko, also known as Savva
Dashko, Plaintiffs-Appellants,

v.

Olga P. NOVICK, Defendant-Appellee.

No. 8195.

Supreme Court of New Mexico.

April 17, 1967.

Sterling F. Black, Los Alamos, Paul A.
Phillips, Albuquerque, for appellants.

John R. Brand, D. D. Hallam, Hobbs,
for appellee.

OPINION

OMAN, Judge, Court of Appeals.

The plaintiffs have appealed from an order of the district court dismissing their complaint with prejudice, pursuant to Rule 37(d) of the Rules of Civil Procedure for the district courts of New Mexico, which appears as § 21-1-1(37) (d), N.M.S.A. 1953, and which is identical with Rule 37 (d) of the Federal Rules of Civil Procedure.

The portion of this section of our rules, which is material to a disposition of this appeal, is as follows:

"If a party * * * wilfully fails to appear before the officer who is to take his deposition, after being served with a proper notice, * * * the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party."

The plaintiffs are citizens and residents of the Union of Soviet Socialist Republics. They filed their complaint in the district court on April 6, 1964, whereby they sought, among other things, to have the court declare them to be the owners of certain real and personal property, which they alleged was being wrongfully possessed, used and enjoyed by defendant, a citizen and resident of the State of Arkansas. Their claim to the property arises from their contention that they are entitled thereto as remaindermen under the Will of one John S. Dashko, deceased.

On May 6, 1964, defendant filed a motion to quash service of process, but this motion was withdrawn on September 9, 1964.

On September 15, 1964, she served notice upon plaintiffs' counsel that she proposed to take the deposition upon oral examination of each of the plaintiffs at Santa Fe, New Mexico, on November 10, 1964. She had not at that time filed, and she did not at any time thereafter file, an answer or other responsive pleading to the complaint.

On September 28, 1964, the plaintiffs filed a Motion for Protective Order. In this motion they recited, among other things, that they are residents of the Union of Soviet Socialist Republics and are presently located in that country; that the expense of taking the depositions in Russia would be prohibitive; that they are without funds to travel to the United States for the purpose of being deposed; and that their attorneys have all of the proofs necessary to establish the fact that they are living, that they are the heirs who have been deprived of their property, and that all of said proofs have been properly authorized by the required Russian and United States officials, and are available for submission to the court.

On October 13, 1964, plaintiffs filed application for a default judgment. Defendant filed a response thereto on October 28, 1964.

On September 24, 1964, plaintiffs' Motion for Protective Order came on to

be heard. On October 27, 1964, after reciting the time and place of the hearing, the appearance of counsel for the parties, and the fact that arguments were presented by counsel, the trial court entered the following order:

"IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the plaintiffs advise the Court within a reasonable time of their capability of producing the plaintiffs, * * * in the City of Santa Fe, New Mexico, for the purpose of the defendant's taking the deposition of the aforesaid plaintiffs and at which time the Court will issue such appropriate order as may be necessary."

On July 23, 1965, one of the attorneys for the plaintiffs wrote the District Judge, with copy to attorneys for defendant, seeking a hearing on several matters which had arisen by motion or otherwise. One of these matters was stated to be:

"2. The defendant has moved the Court for an order requiring the plaintiffs to appear in New Mexico for purposes of the taking of depositions, and the plaintiffs have moved the Court for a protective order in view of the impossibility of having the plaintiffs come to New Mexico from Russia at their own expense."

No motion for an order requiring plaintiffs to appear in New Mexico appears in the record. Neither does any "appropriate order as may be necessary," as referred to in the order of October 27, appear in the record.

On November 19, 1965, defendant filed a motion to dismiss the complaint, and as grounds for the motion, recited: (1) the giving on September 10, 1964 of the notice for taking the depositions of plaintiffs upon oral examination, (2) that at the hearing on September 24, 1964, upon plaintiffs' Motion for Protective Order, the court had authorized the taking of the depositions and requested that plaintiffs "advise the Court within a reasonable time of their capability of producing the plaintiffs, * * * in the City of Santa Fe, New Mexico, for the purpose" of giving their depositions, (3) that plaintiffs have advised counsel for defendant of their inability to produce plaintiffs in the City of Santa Fe, New Mexico, for the purpose of giving their deposition, (4) that plaintiffs have failed to further advise the court of their capability of producing plaintiffs for the purpose of taking their depositions, and (5) that in accordance with the Rules of Civil Procedure, and in particular in accordance with Rule 37(d), the cause should be dismissed with prejudice.

On October 20, 1965, the deposition of the defendant upon oral examination was taken by counsel for plaintiffs.

On February 8, 1966, the plaintiffs' motion for default judgment and the defendant's motion to dismiss the complaint pursuant to Rule 37(d) came on for hear-

**630**

ing. The court entered the order from which this appeal is taken on March 25, 1966, denying plaintiffs' motion for default judgment and dismissing their complaint with prejudice.

As part of the recited facts upon which the order is based, the court stated:

"* * * and it further appears to the Court that from a practical standpoint because of conditions as they exist in Russia today and for other reasons shown that the Plaintiffs cannot be produced in the City of Santa Fe, New Mexico, for the purpose of taking depositions * * *"

The position first asserted by plaintiffs in their brief in chief is:

"Clearly, the rule permits dismissal only when the party has *wilfully* failed to appear before the officer after being served with a proper notice. The posture of the case at no time revealed a wilful failure to appear after being served with a proper notice."

We agree with plaintiffs. We recognized in Salitan v. Carrillo, 69 N.M. 476, 368 P.2d 149 (1961), that as a general rule,

"* * * a non-resident plaintiff should make himself available and must submit to oral examination in the forum in which he has brought his action, absent a showing of special circumstances or undue hardship. * * *"

In Wieneke v. Chalmers, 73 N.M. 8, 385 P.2d 65 (1963), we held that plaintiff's "bald, unsupported statement that to do so [to appear and give her deposition] was 'utterly impossible for personal reasons' is no excuse whatsoever."

■ Neither of these cases support the order of dismissal entered in the present case. Everything in this case, including the trial court's own findings, indicates a practical inability by reason of special circumstances of the plaintiffs to appear at Santa Fe, New Mexico, to give their depositions, and certainly it negatives any wilful failure on their part to appear. The order of October 27, 1964, and the conduct of the court and counsel thereafter, clearly indicate that it was not contemplated that plaintiffs should appear in Santa Fe on November 10, 1964, for the giving of their depositions pursuant to the notice. Thereafter, no notice or order fixing another date for the giving of the depositions was ever filed. It would seem under these facts that there could have been no failure to appear, wilful or otherwise.

■ However, even if it can possibly be said plaintiffs failed to appear, we are of the opinion that all the facts show such failure was not wilful. A wrongful intent to disregard the requirement of Rule 37(d) is not necessary to constitute a wilful failure to appear, but a wilful failure does imply a conscious or intentional failure, as

distinguished from an accidental or involuntary non-compliance. United States for Use of Weston & Brooker Co. v. Continental Cas. Co., 303 F.2d 91 (4th Cir.1962); United States v. 3963 Bottles, More or Less, etc., 265 F.2d 332 (7th Cir.1959); Patterson v. C.I.T. Corp., 352 F.2d 333 (10th Cir.1965). If it can be said that there was misunderstanding or misapprehension on the part of plaintiffs' counsel as to the effect of the court's order of October 27, 1964, still a misunderstanding or misapprehension does not import wilfulness. Parkhurst v. Kling, 249 F.Supp. 315 (E.D. Pa.1965).

Failure to comply by reason of the intervention of foreign law, Societe Internationale Pour Participations Undustrielles, etc. v. Rogers, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255, by reason of ill health and financial inability, Ross v. True Temper Corp., 11 F.R.D. 307 (N.D. Ohio 1951), or by reason of ill health or absence from the country, Ali Akber Kiachif v. Philco International Corp., 10 F.R.D. 278 (S.D. N.Y.1950), cannot be said to constitute a wilful failure.

Unless the failure be wilful, the sanctions of Rule 37(d) are not applicable and cannot properly be imposed. 2A Barron and Holtzoff, Federal Practice & Procedure 553–54 (Wright ed. 1961).

As above stated, we question that under the facts of this case it could properly be held plaintiffs failed to appear, and we are certain that the facts do not lend themselves to a finding of wilful failure to appear.

In view of our disposition of the first point urged upon us for reversal, we need not consider the other matters urged upon us.

The order of dismissal of plaintiffs' complaint should be reversed; the cause should be remanded to the district court for reinstatement of the complaint upon the docket of that court; and the defendant should be granted a reasonable time within which to answer or otherwise plead to the complaint.

It is so ordered.

CHAVEZ, C. J., and CARMODY, J., concur.