## Tananis v. Sinkula

*Robert S. Garrett,* for plaintiff.
*John B. Nicklas, Jr.,* for defendants.

FINKELHOR, *J.,* * August 28, 1975 — The above-captioned case is before the court on preliminary objections in the nature of a demurrer, filed by defendants, on the grounds: (1) the complaint fails to allege a cause of action; and (2) the complaint is barred by the statute of limitations. Defendants have also filed a motion for a more specific pleading.

---

*Judge Ross withdrew from the decision of this case and both counsel agreed to argue this motion before Judge Finkelhor alone.

This civil action for damages for events which occurred in 1972 was instituted by plaintiff under the Pennsylvania Anti-Wiretap or Breach of Privacy Act of July 16, 1957, P.L. 956 (No. 411), sec. 1, 15 P.S. §2443, renumbered 18 P.S. §3742. This act was repealed and substantially reenacted by the Crimes Code of December 6, 1972, P.L. 1482 (No. 334), sec. 1, 18 C.P.S.A. §5701-04. In 1974, breach of privacy was further extended to include eavesdropping with electronic, mechanical or other devices: Act of December 27, 1974, P.L. 885 (No. 327), 18 C.P.S.A. §5705. See Appendix of this opinion for the full text of these sections.

The 1957 Act provided, in pertinent part, as follows:

"*No* person shall intercept a communication by telephone . . . without permission of the party to such communication. *No* person shall install or employ any device for overhearing or *recording* communications passing through a telephone . . . with intent to intercept a communication in violation of this act. *No* person shall divulge or use the contents or purport of a communication intercepted in violation of this act.

"The term divulge includes divulgence to a fellow employee or official in government or private enterprise or in a judicial, administrative, or other proceeding." (emphasis supplied).

Pursuant to the complaint, plaintiff was a kitchen aide employed by defendant, North Allegheny School District, in its food service department. Defendant, Sinkula, was and is an administrator of defendant school district. On or about November 10, 1972, there was a telephone conversation between plaintiff and defendant relevant to

plaintiff's discharge from employment which defendant allegedly "intercepted" and recorded without plaintiff's knowledge or consent.[1] Plaintiff further alleges that defendant, Sinkula, ordered a transcript prepared of this phone conversation and "divulged" this transcript to her fellow employes.

In addition, plaintiff alleges that she was unaware that a recording was made of the conversation in question until April 14, 1974, and that, as a result of the recording of the telephone conversation, plaintiff suffered loss of employment and, because of her limited education and age, has had difficulty in securing a replacement position.

While defendants state contrary facts in their brief, including plaintiff's alleged consent to the recording of the telephone conversation, on preliminary objections, the court may consider only those facts which are set forth in plaintiff's complaint: Geary v. United States Steel Corp., 456 Pa. 171, 319 A. 2d 174 (1974); Balsbaugh v. Rowland, 447 Pa. 423, 290 A. 2d 85 (1972); Hoffman v. Misercordia Hospital, 439 Pa. 501, 267 A. 2d 867 (1970). A demurrer may be sustained only when, taking all material and relevant facts pleaded as true, the facts fail to state a cause of action: Philadelphia v. Pennsylvania Plastering Corp., 434 Pa. 122, 253 A. 2d 247 (1969).

The thrust of defendants' demurrer is that "interception" of a telephone conversation, including the recording and subsequent divulgence of the communication, is not applicable to participants to the conversation, and therefore, plaintiff has failed to

1. The complaint fails to allege whether the call was made by plaintiff or defendant. See Commonwealth v. Gullett, 459 Pa. 431, 329 A. 2d 513 (1974); Commonwealth v. DiSilvio, 232 Pa. Superior Ct. 386, 335 A. 2d 785 (1975).

state a cause of action under the 1957 Act. Thus, the question is whether a party to the conversation can "intercept" the communication.

Because in the opinion of the court, the statute, supra, is ambiguous on this issue, defendants' contentions require careful consideration.

The initial Pennsylvania Anti-Wiretap Act was enacted in 1957 to protect the right of individual privacy essential to a democratic society. See dissenting opinion of Justice Brandeis in Olmstead v. United States, 277 U.S. 438, 48 S. Ct. 564 (1928); United States v. Polakoff, 112 F. 2d 888 (2nd Cir., 1940). As stated by Justice Roberts, concurring in Commonwealth v. Murray, 423 Pa. 37, 57, 223 A. 2d 102 (1966), "the *privacy* of the telephoning public is the interest which must first arrest one's attention in dealing with this problem." (emphasis supplied).

As quoted, supra, the Act provides that no person "shall (1) intercept a communication by telephone without permission of the parties to such communication; (2) install any device for recording communications passing through a telephone; and (3) divulge the contents of said communication."

Both the 1957 Act and the subsequent 1972 revision include three specific elements: (1) a criminal action punishable by fine and/or imprisonment; (2) a prohibition against the use of wiretap evidence in other legal proceedings; and (3) a civil suit including treble damages. The bulk of the appellate decisions have arisen on the issue of the admissibility of evidence obtained by virtue of a telephone interception in a criminal proceeding other than the violation of the act itself: Commonwealth v. Gullett, 459 Pa. 431, 329 A. 2d 513 (1974); Commonwealth v. McCoy and Papszycki, 442 Pa. 234, 275 A. 2d 28

(1971); Commonwealth v. Murray, supra; Commonwealth v. DiSilvio, 232 Pa. Superior Ct. 386, 335 A. 2d 785 (1975); Commonwealth v. Smith, 186 Pa. Superior Ct. 89, 140 A. 2d 347 (1958). While the prohibited conduct is the same for both the criminal and the civil action, both the initial and the amended Act are silent on the question of whether a participant to a telephone conversation is within the ambit of the legislation, and the case law has not clarified this ambiguity. Compare Marks v. Bell Telephone of Penna., 460 Pa. 73, 331 A. 2d 424 (1975); Commonwealth v. Goldberg, 208 Pa. Superior Ct. 513, 224 A. 2d 91 (1966).

Unlike the Federal statute[2] and legislation in most other States, which require the consent of only *one* of the parties to legalize a telephone interception, Pennsylvania courts have required the consent of *all* parties before any device for overhearing or recording a telephone communication may be used:[3] Commonwealth v. Murray, supra; Commonwealth v. McCoy and Papszycki, supra. Cf. Parkhurst v. Kling, 266 F. Supp. 780 (E.D. Pa., 1967). Thus, while under the Federal rule interception by a party would ipso facto be an exception to the anti-wiretap provision of section 605 of the Federal Communication Code, the same result does not follow the Pennsylvania rule.

Murray, supra, concerned an appeal from a criminal conviction for bribing a corporate employe. A

2. In Rathbun v. United States, 355 U.S. 107, 78 S. Ct. 161 (1957), the United States Supreme Court ruled that section 605 of the Federal Communications Act, 48 Stat. 1103, 47 USC 605, permits "interception" and subsequent use of the evidence where one party has consented.

3. For the history of the Pennsylvania Act, see Legislative Journal 1957, Vol. II, at 1679, 1729-30, 1804.

private, detective (i.e., a third party) tapped the telephone of the alleged victim at the switchboard with a recording device, called Murray, then listened to the subsequent conversation on an extension telephone. The evidence of the conversation was ruled inadmissible and the convinction was reversed, in that *both* parties had not consented to the interception by the detective. Justice Musmanno stated that "the history of this legislation reinforces the inevitable conclusion that telephonic interloping is illegal unless the individuals at both ends agree that what they say to one another may be made public.": Commonwealth v. Murray, 423 Pa. at 37, 42, 43.

In Papszycki, supra, a victim of threatening calls, who himself participated in the conversation, installed a device on his own telephone which permitted the conversation to be recorded and simultaneously amplified as to be audible to anyone in the vicinity, including two police officers. The third person was not on the telephone line, as in Murray, and the act of "interception" was made by the very person for whom the call was intended. Nevertheless, the evidence of the conversation was suppressed, except by oral testimony of the person with whom the appellant spoke directly. While Murray was a consensus of six Justices, in Papszycki, an undivided court emphasized the *dual* consent required by the Pennsylvania legislation, and stated as follows:

"Since the Legislature in this statute clearly elevated individual privacy over any contribution to the social good that would be obtained by permitting wiretapping and monitoring of private conversation without the consent of both parties, and in light of Murray, it follows that the suppression

hearing court was entirely correct when it ruled that no evidence concerning the contents of appellant's telephone conversations can be admitted except by testimony of those with whom appellant spoke directly.": 442 Pa. at page 241.

The Pennsylvania Supreme Court has recently considered the 1957 legislation in two recent cases. In Commonwealth v. Gullett, 459 Pa. 431, 329 A. 2d 513 (1974), which also involved a suppression hearing, the police *recorded* a call voluntarily made by defendant to the police bureau and subsequently used this recording to identify the voice of defendant. The majority[4] reiterated the language of Murray and Papszycki, supra, on the requirement of the consent of *both* parties to bypass the Pennsylvania act, but found from the nature of the telephone call, i.e., the nonconfidential character of the communication, and the particular agency to which the communication was directed, an *implied* consent on the part of the caller-participant to the interception and divulgence of the communication.

All of the above-cited cases concern the use of the "recorded" or "taped" conversation in a substantive criminal trial and do not resolve the issue of whether a civil or criminal action could be sustained against a participant to the conversation who also records the communication.

Marks v. Bell Telephone of Pa., supra, considered the remedies available for a violation of the 1957 Act. The City of Sharon, Pa., installed a telephone recording system at its police department head-

---

4. Justice Roberts, joined by Justice Manderino, dissented to what he termed "coerced consent" upon the caller under the majority opinion.

quarters. The system connected to all three listed department numbers, automatically recorded all calls, both incoming and outgoing, on police telephones. Plaintiff, a lawyer, discovered this device while conversing with his client on the police telephone. The court found a civil violation of the act, even though the device was placed on the subscriber's own telephone, but, in the absence of proof of damages, limited the award to the statutory minimum. The court did not consider the "implied consent" doctrine of Gullett as to an individual calling or speaking to the police bureau.

In Zinman v. Unemployment Compensation Board of Review, 8 Pa. Commonwealth Ct. 649, 305 A. 2d 380 (1973), a petition for unemployment compensation benefits, petitioner refused to work at an employment agency that taped conversation with employers interviewed. In upholding petitioner's voluntary termination of employment, the court, through Judge Rogers stated categorically that "the recording of telephone conversations without the permission of *all* parties thereto is a misdemeanor.": 8 Pa. Commonwealth Ct. at page 651. (emphasis supplied).

Based upon the above decisions, it is clear that the 1957 Anti-Wiretap or Breach of Privacy Law prohibits interception and recording of a conversation without the consent of *both* or *all* parties to the communication. If the consent of *both* is required, a participant could violate the act: Commonwealth v. Papszycki, supra.[5] While this could lead to the absurd result of a wrongdoer suing a victim, this is not the fact situation before the court, and it cannot be said categorically, as urged by defendant, that a

5. Parkhurst v. Kling, 266 F. Supp. 780 (E.D. 1967), which reached an opposite result, was decided prior to Papszycki.

cause of action has not been stated when the complainant is a party to the conversation. The court is further pursuaded by Gullett, which involved a participant, and where the majority of the Supreme Court retained dual "consent" even though diluted by findings of "implied consent"[6] in the facts of the case.

As stated in Papszycki, supra, the Pennsylvania Legislature has determined as a matter of public policy that the right of any caller to the privacy of his conversation is of greater societal value than the interest served by permitting eavesdropping or wiretapping, and exceptions to this prohibition are also a legislative matter. In 1957, the legislature created the Anti-Wiretap Act to protect telephonic privacy. In 1972, after Murray and Papszycki, this legislation was reenacted and no exceptions were made for conversations between participating parties. In 1974, the legislation was extended to include "eavesdropping" by use of electronic or mechanical equipment unrelated to telephonic communication,[7] and again, no exception was made for participants to the conversation, absent consent. Based upon the actions of the legislature, it must be assumed that the 1957 Act, as well as subsequent legislation, protected the privacy of the participants.

Moreover, as recognized by the 1974 Act, the dangers, implicit in the invasion of privacy by sophisticated electronic devices, are even more compelling today (1975) than were evident in 1928

6. See Greenwalt, The Consent Problem in Wiretapping and Eavesdropping, 68 Col. L. Rev. 189 (1968).

7. Under the 1974 law, any act of "recording the voice of another person without the knowledge and approval of such other person" is prohibited.

when Justice Brandeis wrote "as a means of espionage, writs of assistance and general warrants are but puny instruments of tyranny and oppression when compared to wiretapping.": Olmstead, supra, at page 438. The instant proceedings are devoid of any societal interest in curbing criminal activity, as in Papszycki, but rest on the right of one private individual to the privacy of her communication with another.

Of course, the burden rests upon plaintiff to establish: (1) the interception; (2) the divulgence; and (3) the resulting damages. However, plaintiff has pleaded the material facts and details are available by discovery procedures. See Goodrich-Amram, 1019(a)-1, 293 (1975 Supp.).

In support of preliminary objections, defendant also alleges that the statute of limitations is a bar to plaintiff's right of action. Pursuant to Pa.R.C.P. 1030, the statute of limitations is normally pleaded as new matter: (Royal Oil & Gas Corporation v. Tunnelton Mining Co., 444 Pa. 105, 282 A. 2d 384 (1971)), and the court does not believe that defendant has established an exception to this rule in the instant case.

Based upon the above discussion, defendant's preliminary objections are denied, and an order filed.

### ORDER

And now, August 28, 1975, upon the preliminary objections of defendants, and after careful consideration of the pleadings, arguments and briefs of the parties, it is hereby ordered that said preliminary objections, as stated, are dismissed.

It is further ordered that defendant is granted 20 days from the date of this order to file an answer to the complaint.

# APPENDIX

## BREACH OF PRIVACY OF TELEPHONE OR TELEGRAPH COMMUNICATIONS

A person commits a misdemeanor of the second degree if he:

(1) intercepts without permission of the parties to the communication a message or other communication by telephone or telegraph;

(2) installs or employs any device for overhearing or recording communications passing through a telephone or telegraph line with intent to intercept a communication in violation of this chapter; or

(3) divulges or uses without the consent of the sender or receiver the existence or contents of any such message or other communication if the actor knows that the message was illegally intercepted, or if he learned of the message in the course of employment with an agency engaged in transmitting it: Act of December 6, 1972, P.L. 1482 (No. 334), sec. 1, eff. June 6, 1973; 18 C.P.S.A. §5702.

## BREACH OF PRIVACY BY EAVESDROPPING WITH ELECTRONIC, MECHANICAL OR OTHER DEVICES

A person commits a misdemeanor of the second degree if he:

(1) makes, sells, buys, makes use of, possesses, installs or employs any electronic, mechanical or other device for the purpose of eavesdropping; or

(2) divulges or uses any information, knowing or having reason to know that such information was obtained by eavesdropping unless such divulgence or use is with the permission of the person or persons whose voice, voices or actions were the subject of the eavesdropping: Act of December 27, 1974 (No. 327), sec. 4, 18 C.P.S.A. §5705.