## Zinman *v.* Unemployment Compensation Board of Review.

Argued May 10, 1973, before Judges CRUMLISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Bruce E. Endy,* with him *Harold I. Goodman* and *Andrew S. Price,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, May 30, 1973:

Shirley Zinman, who seeks unemployment compensation benefits, took a voluntary leave of absence from her position as an employment counselor with L.I.B. Services, an employment agency. During her leave she conferred with her employer concerning resumption of work on several occasions. She finally declined to return to L.I.B. Services because of her dissatisfaction with the working conditions noted below. A referee and the Unemployment Compensation Board of Review denied benefits on the ground that Mrs. Zinman left her employment without "necessitous and compelling" cause.

Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Exec. Sess., P. L. (1937) 2897, as amended, 43 P.S. §802(b) (1), provides:

"An employee shall be ineligible for compensation for any week—

. . .

"In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature . . . provided further, That no employee shall be deemed to be ineligible under this subsection where as a condition of continuing in employment such employee would be required . . . to accept wages, hours or conditions of employment not desired by a majority of the employees in the establishment or the occupation. . . ."

The claimant declined to return to L.I.B. Services because she disapproved of several newly instituted office practices including that of recording telephone con-

versations of employment counselors with prospective employers.

The Board of Review found, *inter alia*, that:

"3. Prior to claimant's last day of work, the employer changed the office procedure whereby if an employee wanted to contact the employer, the employer would have to go through the office manager, the employees were not to engage in lengthy discussions during working hours, and *the employer requested the interviewers to tape telephone conversations with employers that they interviewed.*

"4. The claimant objected to the new office procedure especially the taping of the telephone conversations, and she was informed that it would not be required of her to tape such conversations." (Emphasis supplied.)

Mrs. Zinman's refusal to work at an establishment which recorded telephone communications was, in our view, for cause of a compelling nature, although she was to be exempted from recording her calls. The recording of telephone communications without the permission of all parties thereto is a misdemeanor. Act of July 16, 1957, P. L. 956, 18 P.S. §3742; *Commonwealth v. Papszycki*, 442 Pa. 234, 275 A. 2d 28 (1971). Although L.I.B.'s purpose in recording telephone conversations was for the instruction of their counselors, it appears from the record that the callers did not know their calls were being recorded. The practice was at best highly questionable and the avoidance of association with an enterprise so engaged seems to us to have been the path of prudence.

The employee who voluntarily terminates his employment may carry his burden of proving cause by demonstrating conduct comporting with ordinary common sense and prudence. *Rosell Unemployment Compensation Case*, 184 Pa. Superior Ct. 556, 135 A. 2d

769 (1957). The pressures of necessity, family obligations, and *legal duty* may constitute necessitous circumstances. *Pittsburgh Pipe and Coupling Company v. Unemployment Compensation Board of Review*, 401 Pa. 501, 165 A. 2d 374 (1960). We think that appellant's conduct meets that test, remembering that the Unemployment Compensation Law is remedial legislation whose benefit provisions are to be liberally construed. *Sturdevant Unemployment Compensation Case*, 158 Pa. Superior Ct. 548, 45 A. 2d 898 (1946).

ORDER

And now, this 30th day of May, 1973, the order of Unemployment Compensation Board of Review is reversed and the record is remanded to the Board for disposition consistent with this opinion.