Watson F. Szychulski, Appellant, v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued February 8, 1974, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Bruce E. Endy,* with him *Harold I. Goodman,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, March 5, 1974:

Watson F. Szychulski has appealed from a decision and order of the Unemployment Compensation Board of Review denying him benefits.

Mr. Szychulski, an experienced warehouseman in the employ of Cotter and Company at its distribution center in Philadelphia, was directed by his foreman to complete the processing and checking in of a shipment of camping gear. The entire shipment consisted of 16 pallets but there were only five pallets available for Mr. Szychulski's examination, the remaining pallets having been previously checked in but not signed for by another workman several days earlier. Mr. Szychulski demurred to checking a part only of the shipment if he were to be obliged to sign for the whole. He testified clearly and repeatedly that his foreman and a superintendent thereupon ordered him to check the partial consignment and sign for the whole and that when he refused he was discharged. Mr. Szychulski's

refusal to comply with his superiors' orders were, he testified, in pursuance of instructions from the highest authority in the company to be alert to prevent pilferage and theft and of posted notices directing that nothing should be signed for unless seen. The testimony of Szychulski's superiors is not clear on the point of whether Szychulski was ordered to sign for the whole shipment or only for the five pallets. The Board of Review settled this issue by quite reasonably making findings that Szychulski was ordered to sign for all 16 pallets although given the opportunity to inspect only five.

The Board concluded nevertheless that Szychulski's refusal of his superiors' orders was willful misconduct rendering him ineligible for compensation by Section 402(e) of the Pennsylvania Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. 2897 (1937), 43 P.S. §802(e). We disagree.

The Board of Review's opinion includes the following paragraph: "The claimant, as a platform loader and checker, had the duty of taking count of incoming shipments of merchandise at his employer's loading dock. On the Saturday previous to his last day of work, incoming shipments had been checked by his foreman. On the following Monday, the claimant was asked to sign for the total shipment including those items checked on the previous Saturday. The claimant refused to mark his tally sheet with the total amount, but would only affix his signature to a report indicating the five pallet loads then in view. The result of the altercation with his employer was in his receiving an ultimatum concerning his job. The claimant continued to refuse and, when this impasse occurred, he elected to quit rather than face the disciplinary action incident to his discharge. When this claimant refused to perform the assigned tasks, he became guilty of willful misconduct. His separation may be considered a dis-

charge under the applicable section of the Law since the employer indicated that no other course of action except following specific orders would be tolerated." The Board's conclusion can only be explained by its further finding that it was the employer's practice to "have various individuals check different parts of a total shipment. The person finishing checking would then affix his signature to the total shipment." This finding is supported but it is incomplete. The record is quite clear that when there was a divided inspection, each checker signed for what he checked. Mr. Szychulski was ordered to sign for merchandise he had not checked. We believe his refusal to do so was proper in his own and his employer's interest and was not, therefore, willful misconduct. *See Frei v. Unemployment Compensation Board of Review*, 5 Pa. Commonwealth Ct. 190, 289 A. 2d 769 (1972) ; *compare Zinman v. Unemployment Compensation Board of Review*, 8 Pa. Commonwealth Ct. 649, 305 A. 2d 380 (1973).

ORDER

AND Now, this 5th day of March, 1974, the appeal of Walter F. Szychulski is sustained and the order of the Unemployment Compensation Board of Review is hereby reversed and the record remanded for action by the Board not inconsistent with this opinion.