Unemployment Compensation Board of Review of The Commonwealth of Pennsylvania *v.* William Mason, Appellant.

Argued October 10, 1975, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Michael L. Golden, Jr.,* with him *Charlotte V. Neagle,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, November 3, 1975:

William Mason, an unemployment compensation claimant, has appealed from a decision of the Unemployment Compensation Board of Review denying him benefits on the ground that he had voluntarily quit work. Mr. Mason contends that he sufficiently demonstrated that he quit work for necessitous and compelling reason. Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1). The Board's decision affirmed determinations adverse to the claimant by the Bureau of Employment Security and a hearing referee.

The claimant worked as janitor of an apartment house from March 25, 1974 until April 16, 1974. His payment was to be at the rate of $2.50 per hour. On March 31, 1974 he was paid $90 by someone's personal check. His next pay check, received on April 11, 1974, was accompanied by a pay slip which recorded that he had worked 72 hours producing earnings of $180 and a net pay, after deductions, of $97.21. The pay slip also recorded that his gross earnings for the pay period were $305.28. Mr. Mason pointed out the discrepancies in the pay slip to his superior on Friday, April 12, 1974. His superior promised to straighten the matter out the following week. Mr.

Mason next worked on Monday, April 15, 1974. At the end of the working day on Tuesday, April 16, 1974, Mr. Mason delivered his keys to his superior and quit his job, without mention of the discrepancies on the pay slip.

Mr. Mason reported for a job interview with the Bureau on June 16, 1974, and signed a summary of interview relating that he had quit his employment in order to return to his former employment as a construction worker. He reported to the Bureau again on June 25, 1974. On this occasion, he explained why he had been unable to find construction work and additionally asserted that there were too many discrepancies in the way he had been paid in his former employment.

In this appeal Mr. Mason, by his counsel, ignoring the reason for quitting first given to the Bureau, asserts that the record establishes that he quit because the employer's method of paying him was illegal. He relies on *Zinman v. Unemployment Compensation Board of Review*, 8 Pa. Commonwealth Ct. 649, 305 A.2d 380 (1973), where we held that a refusal to continue in employment with a firm engaging in illegal telephone tapping was for necessitous and compelling reason.

The difficulties with Mr. Mason's argument are two-fold. First, the record fails to establish more than a suspicion of impropriety in the manner in which Mr. Mason was paid. At his second interview with the Bureau Mr. Mason stated that the first $90 check represented gross pay without deductions and there is no contention that he was paid less than the total amount of net pay due him during the short period of his employment. Further, he quit his work without affording his employer a reasonable opportunity to make the promised explanation for or adjustment to the apparent discrepancies in the pay slip.

Second, as we have noted, Mr. Mason first told the Bureau that he quit to seek other employment; the Bureau, referee and Board were the fact finders em-

502

powered to determine that this was the real reason for Mr. Mason's quit.

Mr. Mason also contends that he was not given a fair hearing by the referee. We find this assertion to be without merit.

ORDER

AND NOW, this 3rd day of November, 1975, the decision of the Unemployment Compensation Board of Review is affirmed and the appeal herein is dismissed.