Margaret BENNETT *v.* Charles L. DANIELS, Director of Labor, and ARKANSAS STATE MEDICAL BOARD

E 80-250                                        611 S.W. 2d 801

Court of Appeals of Arkansas
Opinion delivered February 25, 1981

No briefs filed.

TOM GLAZE, Judge. This case involves a petition to review the Board of Review's denial of unemployment benefits of the claimant, Margaret Bennett. The Board of Review affirmed the decision of the Appeal Tribunal which determined that Bennett was disqualified from receiving benefits under Section 5(a) of the Arkansas Employment Security Law, finding she quit her last work without good cause. The sole issue on appeal is whether the Board's finding is supported by substantial evidence and is in accordance with the law.

There were some conflicts in the testimony before the Appeal Tribunal, but the essential facts necessary for deciding this case are clear.

Bennett was employed by the Arkansas State Medical Board in July, 1979. Dr. Joe Verser was her immediate supervisor. In December, 1979, Verser's wife had surgery, resulting in Mrs. Verser's application for Social Security benefits in January, 1980. Mrs. Verser became depressed and Dr. Verser decided that his wife might do better if she worked part-time for the Medical Board. Mrs. Verser began work in January, 1980, and the evidence reflects that she worked 193 hours without pay from January until May, 1980. Dr. Verser testified that an accountant had instructed him that Mrs. Verser could not draw any money.

In May, 1980, problems began to surface which ultimately caused this appeal. The Medical Board had an appropriation for extra help which apparently had not been expended. At work one day in May, Mrs. Verser stated that since she would be unable to claim any monies for her work, Elizabeth Branum, a former employee, should draw it. Mrs. Verser expressed the fact that if the money was not spent, the appropriation would be lost, i.e., the Arkansas General Assembly would not appropriate funds in the future for extra help since it had not been used. On May 27, 1980, Dr. Verser requested Bennett to prepare a voucher to pay Branum for the 193 hours Mrs. Verser had worked from January to May, 1980. Bennett refused, stating that she had

been advised by an attorney that this was illegal. Mrs. Verser overheard Bennett's response and in Dr. Verser's word, "exploded."

Nothing else was said for the next few days, but during this time, Dr. Verser testified that Bennett had presented a voucher to him with Branum's name, and he had signed it without looking at it. Later, Bennett gave Dr. Verser a check for him to sign which was payable to Branum. He asked Bennett why she had him sign the check since she normally signed checks, and Bennett replied that he had signed the voucher. From the record, the check apparently was never signed and paid to Branum and Dr. Verser later cancelled the voucher which had previously been submitted. Ill feelings between the parties continued to exist, and Bennett tendered her resignation on June 6, 1980.

Our court has not been confronted with the issue of whether a job which involves an illegal or otherwise questionable practice is good cause for an employee to voluntarily terminate his employment and draw unemployment benefits. Although there is little authority on this issue, there are two jurisdictions in which good cause was found and the employee was held entitled to benefits. *Zinmon* v. *Unemployment Compensation Board of Review*, 8 Pa. Commw. Ct. 649, 305 A. 2d 380 (1973) and *Mueller* v. *Harry Lee Motors*, Fla. App., 334 S. 2d 67 (1976). We agree with the principle enunciated in *Zinmon* and *Mueller* and hold that Bennett's refusal to prepare the voucher in Branum's name for work performed by Mrs. Verser was justifiable and was good cause for voluntarily terminating her employment with the Medical Board. Bennett was a bookkeeper for the Medical Board, and because she prepared vouchers and signed checks, she served under a bond. If Bennett had followed Dr. Verser's request, she could have become liable if an exacting audit had been conducted by the State. At the very least, the request made of her by Dr. Verser was a questionable practice which may have resulted in problems for Bennett in the future.

Of course, the Board of Review affirmed the Appeal Tribunal's finding that Bennett quit because of a disagree-

ment with a co-worker which created tension in the office, and this was a personal reason which was not the fault of the employer. The testimony is clear that tension and ill will existed in the office, but we hold that these problems ensued as a direct result of the request made of Bennett and was the fault of the employer.

We reverse the decision of the Board of Review and remand for the entry of an order allowing the petitioner benefits.

Reversed and remanded.