Sandra L. Cooper, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs to Judges Blatt, Williams, Jr. and Doyle, sitting as a panel of three.

*Gary M. Lang,* for petitioner.

*Charles G. Hasson,* Assistant Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., September 10, 1982:

Sandra L. Cooper (claimant) has appealed from an order of the Unemployment Compensation Board of Review (Board) denying her benefits. The Board concluded that the claimant had voluntarily terminated her employment without cause of a necessitous and compelling nature, and that, therefore, she was ineligible for benefits by force of Section 402(b) of the Unemployment Compensation Law.[1]

The claimant was last employed at Hastings Rest Home as a nurse's aid. On August 15, 1980, she quit her job. She applied for unemployment compensation; but the Office of Employment Security denied her claim, deciding that she had voluntarily termi-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b). Pursuant to Sections 13 and 14 of the Act of July 10, 1980, P.L. 521, No. 108, the former Section 402(b)(1) of the Unemployment Compensation Law is now Section 402(b).

nated her employment without cause of a necessitous and compelling nature. When that decision was affirmed, first by a referee and then by the Board, the appeal to this Court followed.

Because the claimant voluntarily terminated her employment, she had the burden of proving that she did so for cause of a necessitous and compelling reason; that is, if she was to be eligible for benefits. *E.g., Deiss v. Unemployment Compensation Board of Review*, 475 Pa. 547, 381 A.2d 132 (1977). It is equally well settled that questions of evidentiary weight and credibility are for the Board to resolve. *E.g., Starr v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 265, 309 A.2d 837 (1973).

At the referee's hearing the claimant offered, as the reasons for quitting her job, the contentions that her employer required her to administer drugs to patients without having prescriptions; and required her to use restraining devices on patients without having medical authorization. The employer denied those charges, and gave additional testimony in rebuttal. The Board resolved the credibility issue against the claimant, and determined that she had not sustained her allegations. In other words, the Board concluded that the claimant had not met her proof burden, and denied her benefits for that reason.

Where, in an unemployment compensation case, the decision of the Board was against the party with the burden of proof, our review is limited to determining whether the findings of fact are consistent with each other and with the conclusions of law, and whether the findings can be sustained without a capricious disregard of competent evidence. *E.g., Sweigart v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 421, 408 A.2d 561 (1979).

Applying the above standard of review to the instant case, we must affirm the Board's order.

ORDER

AND Now, the 10th day of September, 1982, the order of the Unemployment Compensation Board of Review at Decision No. B-192626, denying benefits, is affirmed.