Arlene A. Miller, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs February 28, 1983, to Judges BLATT, WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*William C. Knapp,* for petitioner.

*Francine Ostrovsky,* Associate Counsel, with her *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, April 15, 1983:

Arlene A. Miller (claimant) appeals an order of the Unemployment Compensation Board of Review (Board) affirming a referee's decision to deny her

benefits on the basis that she voluntarily terminated her employment without cause of a necessitous and compelling nature.[1]

The claimant was employed as Director of Nursing by the South Hills Convalescent Home (South Hills) until she submitted two written notices of resignation each of which stated that she was leaving due to dissatisfaction with the way the convalescent home was being operated.[2] Specifically, she alleged that South Hills failed to maintain proper levels of care for the patients, that such alleged failure was contrary to state and federal regulations, that in her capacity as Director of Nursing she was charged with the duty of complying with such regulations, and that her employer had placed her, as a professional, in a position where she would have to abrogate her professional responsibility.

It is clear that the claimant bears the burden of establishing that she terminated her employment for cause of a necessitous and compelling reason. *Cooper v. Unemployment Compensation Board of Review,* 68 Pa. Commonwealth Ct. 614, 450 A.2d 247 (1982). And where, as here, the party with the burden of proof has not prevailed below, our scope of review is limited to a determination of whether or not the findings were made in capricious disregard of evidence in the record or if an error of law was committed. *Id.*

We find that the claimant failed to meet her burden of proof. Our review of the record indicates that she failed to establish that South Hills' staffing policies with which she was dissatisfied were criminal or un-

---

[1] Section 402(b) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

[2] Additionally, part of the claimant's reason for quitting was her dissatisfaction with South Hills' firing of an administrator.

lawful activities.[3]  Her  unsubstantiated beliefs standing alone will not suffice.[4]  Similarly, her contention that she was forced by South Hills to breach her professional responsibilities was not supported by evidence as to any statute, regulation or professional code of ethics which would be applicable.

We must, therefore, affirm the Board's order denying the claimant benefits.

### ORDER

AND Now, this 15th day of April, 1983, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

---

[3] See Zinman v. Unemployment Compensation Board of Review, 8 Pa. Commonwealth Ct. 649, 305 A.2d 380 (1973).

[4] The claimant wrote on her petition for appeal to the Board that "I need . . . to know from the Department of Public Health and Welfare if South Hills Convalescent is within compliance. . . ." It appears, therefore, that prior to her resignation, the claimant was not sure that South Hills was not in compliance with applicable regulations.  And, before the referee or the Board the claimant has not documented or substantiated her allegations of noncompliance.