512 A.2d 794

Marla Share, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 10, 1986, before Judges CRAIG and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Alan S. Gold, Narin* & *Chait,* for petitioner.

*Paul E. Baker,* Associate Counsel, with him, *James K. Bradley,* Associate Counsel, and *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, July 22, 1986:

Marla Share, the claimant, appeals from an order of the Unemployment Compensation Board of Review which affirmed the decision of a referee denying claimant benefits.

The claimant was employed as the accounting director and director of administration by the Program for Exceptional People. Her immediate supervisor was one Kenneth Klein. In her capacity as an accountant, Mr. Klein directed her to make inaccurate entries in the employer's books. On one occasion, the employer sold some machinery for $1200.00. Mr. Klein directed the claimant to record the sale at $1000.00. She refused, however, and recorded the proper amount. On another occasion, the employer received an appropriation from the Commonwealth's General Services Administration of $7500.00 to purchase an oil tank. When Klein was able to purchase a tank for $7000.00, he directed the claimant to enter as the purchase price the amount appropriated by the Commonwealth.

Because of her misgivings over these incidents, the claimant approached members of the employer's audit committee which investigated the matter. While the matter was under review by that committee, and before any action was taken, claimant voluntarily terminated her employment.

At the hearing before the referee, the claimant recounted the previously described incidents. At the time of the hearing, the audit committee had yet to reach a decision on the matter. The claimant presented the testimony of Joseph Jacobine, an attorney who served on the audit committee. He testified that, in his view, there was nothing illegal about the accounting practices because none of these monies were used personally by Mr. Klein; rather, the monies were used by the employer. Nonetheless, Mr. Jacobine opined that these practices were improper in an accounting sense in that all information should be accurately recorded for control purposes.

The referee denied benefits, holding that the claimant did not have cause of a necessitous and compelling nature to justify her voluntary termination. The Board affirmed. In its opinion, the Board reasoned that the claimant acted "precipitously" in resigning and should have waited until the audit committee made its decision. This appeal followed.

In a case involving a voluntary termination, the burden is upon a claimant to prove the existence of necessitous and compelling reasons justifying the termination. *Ryan v. Unemployment Compensation Board of Review,* 87 Pa. Commonwealth Ct. 465, 487 A.2d 1026 (1985). Where the party with the burden of proof has not prevailed before the fact finder, our review is limited to determining whether the factual findings are consistent, whether such findings can be sustained without a capricious disregard of competent evidence or whether an error of law has been committed. *Bruder v. Unemployment Compensation Board of Review,* 70 Pa. Commonwealth Ct. 9, 452 A.2d 288 (1982).

The claimant relies upon *Zinman v. Unemployment Compensation Board of Review,* 8 Pa. Commonwealth Ct. 649, 305 A.2d 380 (1973), as support for her argu-

ment that she had good cause to terminate her employment. There, an employee quit after her employer initiated a practice of recording certain telephone calls without informing all of the parties. Even though the claimant there was exempted from recording these calls, we reversed the Board's denial of benefits, stating, "The practice was at best highly questionable and the avoidance of association with an enterprise so engaged seems to us to have been the path of prudence." *Id.* at 651, 305 A.2d at 381.

In *Miller v. Unemployment Compensation Board of Review*, 73 Pa. Commonwealth Ct. 438, 458 A.2d 334 (1983), the claimant, the directress of nursing, resigned because of her belief that the employer was not following applicable state and federal regulations. In affirming the denial of benefits we stated, "[H]er contention that she was forced . . . to breach her professional responsibilities was not supported by evidence as to any statute, regulation or professional code of ethics which would be applicable." *Id.* at 440, 458 A.2d at 335.

Upon reflection, we believe this case is controlled by *Zinman* rather than *Miller.* We believe no more need be said than that a request to an accountant to enter inaccurate financial information on the books and records of an employer so affects that accountant's personal and professional integrity that the accountant is able to terminate employment voluntarily and still remain eligible for benefits. Even if the directives of the supervisor did not order the employee to engage in an illegal act, these directives were such that we believe the claimant followed a prudent course in leaving the employer's employ and that benefits should be allowed.

ORDER

Now, July 22, 1986, the October 18, 1984, order of the Unemployment Compensation Board of Review, at No. B-235134, is reversed.