600 A.2d 680

**TOM TOBIN WHOLESALE, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 19, 1991.

Decided Dec. 4, 1991.

Theodore L. Krohn, for petitioner.

James K. Bradley, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before CRAIG, President Judge, SMITH, J., and SILVESTRI, Senior Judge.

SMITH, Judge.

■ Tom Tobin Wholesale (Tobin) petitions for review of an order of the Unemployment Compensation Board of Review (Board) which affirmed the referee's order granting benefits to Stephen R. Cheskiewicz (Claimant) under Section 402(b) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b) (voluntary quit). The issues raised in this petition are whether there is substantial evidence to support the Board's findings of fact and whether the Board erred as a matter of law by concluding that Claimant is eligible for benefits under Section 402(b).[1]

The Board made the following findings of fact:

1. Claimant was last employed as a computer analyst by Tom Tobin Wholesale from June 9, 1989, at a final approximate rate of $20,000 a year and his last day of work was October 8, 1990.

2. During the last period of the claimant's employment, the claimant was asked to alter a computer program for illegal purposes.

3. The claimant questioned the owner about this practice and the owner acknowledged it was illegal.

4. On the claimant's last day of work, the claimant talked to the owner and told the owner that claimant did not wish to know about or participate in such illegal activities.

5. The owner told claimant if he did not perform the work he would be of no use to the company.

6. The owner informed the claimant that he would talk with him later, but later the owner refused to discuss the matter further.

1. This Court's scope of review of the Board's decision is limited to determining whether the findings of fact are supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. *Wertman v. Unemployment Compensation Board of Review*, 103 Pa.Commonwealth Ct. 376, 520 A.2d 900 (1987).

7.  The claimant voluntarily terminated his employment because he was required to alter a computer program for illegal purposes.

■  Tobin argues that Claimant voluntarily terminated his employment and failed to establish a cause of a necessitous and compelling nature that would make him eligible for compensation under Section 402(b) of the Law.  Tobin cites *Department of Corrections v. Unemployment Compensation Board of Review*, 119 Pa.Commonwealth Ct. 296, 547 A.2d 470 (1988), for the proposition that to establish a cause of a necessitous and compelling nature, a claimant must show:  1) that real and substantial circumstances produced the pressure to terminate their employment;  and 2) that such circumstances would compel a reasonable person to act in the same manner.  Tobin denies that necessitous and compelling circumstances existed and contends that the evidence in the record cannot support the referee's decision.

■  The Pennsylvania Supreme Court has stated:

[I]n an unemployment compensation case, ... the findings of fact made by the Board, or by the referee as the case may be, are conclusive on appeal so long as the record, taken as a whole, contains substantial evidence to support those findings....  The appellate court's duty is to examine the testimony in the light most favorable to the party in whose favor the Board has found, giving that party the benefit of all inferences that can logically and reasonably be drawn from the testimony, to see if substantial evidence for the Board's conclusion exists.

*Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 355, 378 A.2d 829, 831 (1977) (citations omitted). Ultimate conclusions determining whether facts constitute a cause of a necessitous and compelling nature to voluntarily terminate employment under Section 402(b) of the Law are conclusions of law and are subject to appellate review.  *Id.*

The record is replete with testimony that Claimant believed the alterations to the computer program at Tobin's

direction were intended to be used for illegal purposes. The alterations made eliminated the transaction generating sections of the program. N.T., p. 8. Claimant believed Tobin requested these alterations so he could avoid reporting all of his cash transactions. Claimant testified that no actual falsification of records occurred while he was employed by Tobin and when he quit the program was still in the testing stage and not being used for the accounting system. N.T., p. 10.

■ Claimant admits that no illegal activity could have taken place as a result of the alterations to the program since it was not operational at the time of his voluntary termination. Thus, it is not demonstrated that Tobin required Claimant to perform an illegal act which would be a cause of a necessitous and compelling nature to voluntarily quit his employment. However, the actual performance of the act is not required for an employee to sever the employment relationship. *Zinman v. Unemployment Compensation Board of Review*, 8 Pa.Commonwealth Ct. 649, 305 A.2d 380 (1973).[2]

■ However, the performance of an illegal act at the employer's direction is not the only factor in determining if Claimant had a necessitous and compelling cause to voluntarily quit his employment. If an employee is directed to perform an act that will negatively affect his personal and professional integrity the employee can terminate his employment and still remain eligible for benefits. *Share v. Unemployment Compensation Board of Review*, 99 Pa.Commonwealth Ct. 119, 512 A.2d 794 (1986). In *Share*, an accountant was directed to make inaccurate entries in the employer's books. This Court relied on *Zinman* and

2. In *Zinman* the employer had a procedure of recording telephone communications without the permission of all parties. The claimant was exempt from the procedure, but terminated her employment because of her disagreement with this procedure. This Court stated that "[t]he practice was at best highly questionable and that the avoidance of association with an enterprise seems ... to have been the path of prudence." *Id.* 8 Pa.Commonwealth Ct. at 651, 305 A.2d at 381.

wrote that "[e]ven if the directives of the supervisor did not order the employee to engage in an illegal act, these directives were such that we believe the claimant followed the prudent course in leaving the employer's employ and that benefits should be granted." In *Krieger v. Unemployment Compensation Board of Review*, 52 Pa.Commonwealth Ct. 103, 105, 415 A.2d 160, 161 (1980), this Court stated that "[j]eopardy to an employee's health or safety, dangerously unsafe equipment, or *violation of the law* all may constitute necessitous and compelling reasons for voluntary termination." (Emphasis added.)

■ However, mere dissatisfaction with the employer's policies or procedures alone is not cause of a necessitous and compelling nature to voluntarily terminate employment. *Miller v. Unemployment Compensation Board of Review*, 73 Pa.Commonwealth Ct. 438, 458 A.2d 334 (1983). In *Miller*, the claimant did not prevail before the Board. Therefore, she had the burden of proof to show that the findings of the Board were made with capricious disregard of the evidence in the record. On appeal, her unsubstantiated belief that the staffing policy placed her in a position where she would have to abrogate her professional responsibility did not meet her burden of proof. In the matter *sub judice*, Claimant prevailed before the Board. Unlike *Miller*, Claimant has the benefit of all reasonable inferences drawn from the evidence. *Taylor*.

■ If Claimant had a reasonable belief that he was participating in an illegal activity or if his personal and professional integrity were so jeopardized by the circumstances, there can be a necessitous and compelling cause to terminate his employment. This Court was presented with a similar question in *Richner v. Unemployment Compensation Board of Review*, 95 Pa.Commonwealth Ct. 572, 505 A.2d 1375 (1986). The employee believed that by wrapping quarters from a poker machine, he was participating in an illegal gambling activity. The employer argued that the employee's refusal was willful misconduct under Section 402(e) of the Law. This Court found that although the

employee had originally complied with the requests to wrap quarters, this would not preclude him from changing his mind at a later date as long as he informs his employer of his reasons. This Court then concluded that the claimant's belief was reasonable and that a reasonable belief in the illegality of an activity was sufficient to support the claimant's position.

*Richner* and the matter *sub judice* are analogous. While it is not for this Court to determine if Claimant was participating in an illegal activity, there is substantial evidence in the record through Claimant's testimony that he believed he was performing an illegal act and that it would have a negative effect on his personal and professional integrity. Additionally, Claimant informed Tobin of this belief.[3]

Based on the evidence in the record, and giving Claimant the benefit of the reasonable inferences drawn from the record, this Court affirms the order of the Board.

## ORDER

AND NOW, this 4th day of December 1991, the order of the Unemployment Compensation Board of Review is affirmed.

---

**3.** This case is distinguishable from a recent decision of this Court in *Ayres v. Unemployment Compensation Board of Review,* 143 Pa.Commonwealth Ct. 310, 598 A.2d 1083 (1991), in which it was held that an employee's subjective good faith belief that her employment duties involved unethical conduct was insufficient to establish compelling and necessitous cause to terminate employment. In *Ayres,* contrary to the matter *sub judice,* there was no substantial evidence to show an express violation of law, regulation or professional ethics.