616 A.2d 190

TELESOUND RENTALS, INC., Petitioner,

v.

UNEMPLOYMENT COMPENSATION BOARD
OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Argued Sept. 14, 1992.

Decided Oct. 14, 1992.

Ralph B. Pinskey, for petitioner.

Clifford F. Blaze, Deputy Chief Counsel and Judith M. Gilroy, for respondent.

Before PALLADINO and SMITH, JJ., and SILVESTRI, Senior Judge.

PALLADINO, Judge.

TeleSound Rentals, Inc. (Employer) appeals an order of the Unemployment Compensation Board of Review (Board) which reversed the referee's decision denying interstate unemployment compensation benefits to David A. Zemnick (Claimant).[1] We reverse.

The Office of Employment Security issued a determination denying benefits under Section 402(b) of the law[2] on the ground that Claimant voluntarily terminated his employment without cause of a necessitous and compelling nature. The referee denied benefits after a telephone hearing. On appeal, the Board reversed the referee's decision and awarded bene-

---

1. Section 312 of the Unemployment Compensation Law (law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 792, authorizes reciprocal unemployment compensation arrangements with other states.

2. 43 P.S. § 802(b).

fits on the ground that Employer's illegal acts provided Claimant with a necessitous and compelling cause for quitting work.

Claimant was employed in Arizona as a senior accounts manager from September 1990 to April 1991. In January 1991, as a quality control measure, Employer began a practice of using "fake customers" to telephone employees (including Claimant) at Employer's store. These calls were recorded by the fake customers. When informed of the practice, Claimant complained to the training manager that it was illegal to record calls in this manner. Although the employees were told of the practice, they were not told when a particular call was being made by a fake customer and being recorded.

In April 1991, Claimant was called to Employer's main office to discuss an unsatisfactory "shopping report" which was based on a recording made by a fake customer. Claimant again complained that recording calls in this manner was illegal, but the training manager stated the practice was legal, and if Claimant did not like it he could leave. Claimant immediately did so.

In reversing the referee's decision, and awarding benefits, the Board relied on its belief that recording calls in this manner was illegal under Arizona[3] and federal[4] law. However, the Board, at oral argument and in its brief, now concedes that this type of recording is legal under these statutes.

On appeal to this court,[5] Employer seeks a reversal of the Board's order and a denial of benefits. The Board argues that despite its concession that Employer acted within the law, the case should be remanded to the Board for a finding on whether Claimant's quit was nonetheless reasonable

3. Ariz.Rev.Stat.Ann. §§ 13–3005, 13–3012.

4. 18 U.S.C. § 2511.

5. Our scope of review is limited to whether findings of fact are supported by substantial evidence, whether constitutional rights were violated, or whether an error of law was committed. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. Whether Claimant's reason for terminating his employment was of a necessitous and compelling nature is a legal conclusion subject to appellate review. *Truitt v. Unemployment Compensation Board of Review*, 527 Pa. 138, 589 A.2d 208 (1991).

under the circumstances, and therefore of a necessitous and compelling nature.

Accordingly, the issue on appeal is whether Claimant's erroneous belief that Employer was engaged in illegal activity can nevertheless satisfy Claimant's burden [6] of showing cause of a necessitous and compelling nature for terminating employment.

The Board relies on *Tom Tobin Wholesale v. Unemployment Compensation Board of Review*, 144 Pa.Cmwlth.Ct. 44, 600 A.2d 680 (1991), for the proposition that Claimant's reasonable belief that he was engaging in an illegal act can be a necessitous and compelling cause to terminate employment. Such reliance is inapposite. In *Tobin*, this court did find necessitous and compelling cause, but we based our decision on the Board's express finding that, "[t]he claimant voluntarily terminated his employment because he was required to alter a computer program *for illegal purposes.*" *Id.* at 47, 600 A.2d at 682 (emphasis added).

More on point is Employer's reliance on *Ayres v. Unemployment Compensation Board of Review*, 143 Pa.Cmwlth.Ct. 310, 598 A.2d 1083 (1991), in which the claimant voluntarily terminated her employment as a telemarketer because she believed it was unethical to sell insurance in the manner required by her employer. In denying benefits we stated:

Ayres presented her own sincere but unsubstantiated beliefs without reference to an applicable code, regulation or statute ... Likewise, the record shows no practice of the employer the avoidance of which would be the prudent course of action.... Ayres' sincere yet very personal disagreement with employer's methods are not sufficient to establish a necessitous and compelling reason for leaving her job.

*Id.* at 317, 598 A.2d at 1087. Interestingly, the *Tobin* court itself noted, "[t]his case [Tobin] is distinguishable from a

6. A claimant alleging a necessitous and compelling cause for terminating employment has the burden of establishing such cause. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977).

recent decision of this Court in Ayres ... In Ayres, contrary to the matter *sub judice*, there was no substantial evidence to show an express violation of law, regulation or professional ethics." *Tobin*, 144 Pa.Cmwlth.Ct. at 50 n. 3, 600 A.2d at 683 n. 3.

The immediate appeal presents an even more compelling argument for denying benefits than that found in *Ayres*, because here, the Board expressly concedes that Employer's practice of recording calls was entirely *legal* under Arizona and federal law. It should also be noted that the record contains no evidence that Claimant attempted to ascertain the true state of the law before terminating employment. As such, the reasonableness of Claimant's belief is irrelevant, and Claimant has not satisfied his burden of showing cause of a necessitous and compelling nature for terminating employment. Accordingly, the Board's efforts to remand the case for further findings are inappropriate, and we reverse the Board's order awarding unemployment compensation benefits to Claimant.

## ORDER

AND NOW, October 14, 1992, the order of the Unemployment Compensation Board of Review in the above-captioned matter is reversed.