# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John F. Herron, :
               Petitioner :
 :
        v. : No. 707 C.D. 2015
 : SUBMITTED: October 9, 2015
Unemployment Compensation :
Board of Review, :
               Respondent :


BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
                HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE LEADBETTER**                **FILED: December 10, 2015**

      John F. Herron (Claimant) petitions, *pro se*, for review of the order of the Unemployment Compensation Board of Review (Board) that denied him unemployment compensation benefits under Section 402(b) of the Unemployment Compensation Law (Law),[1] beginning with the compensation week ending November 29, 2014. We affirm the Board's order and remand this matter to the Board to determine the amount of benefits, if any, to be paid Claimant under Section 402(e) of the Law[2] for the two-week notice period for his resignation,

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b). Section 402(b) of the Law provides, in pertinent part, that an employee shall be ineligible for compensation for any week "[i]n which his [or her] unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature …."

[2] Section 402(e) provides, in pertinent part, that an employee shall be ineligible for compensation for any week "[i]n which his [or her] unemployment is due to his [or her]
**(Footnote continued on next page…)**

beginning November 8, 2014.

Claimant worked for Fairway Motors (Employer), a car dealership, as a sales consultant from March 31, 2008 until he was separated from employment on November 8, 2014. The Scranton UC Service Center determined that Claimant voluntarily quit his job without cause of a necessitous and compelling nature and was, therefore, ineligible for benefits under Section 402(b) of the Law beginning with the compensation week ending November 29, 2014. On appeal, the referee held a hearing on January 20, 2015, at which Claimant and the owner of Employer, James Corazza, both proceeding *pro se*, testified as to the circumstances surrounding Claimant's separation from employment.

Claimant testified that on Thursday, November 6, 2014, he drove his wife's vehicle to work. That evening, Claimant noticed that the key to his wife's vehicle was missing from the key ring. Claimant was able to open the vehicle's door and start the engine with the key fob. Claimant believed that Cory Ustinovsky, who had just become Employer's assistant manager and his supervisor, stole the key. Claimant was off the next day. On Saturday, November 8, Claimant told Corazza that someone stole the key to his wife's vehicle. At Claimant's request, Corazza's son then checked videotapes on the security camera for the time frame when Claimant was away from his desk during the evening on November 6. The videotapes showed Ustinovsky walking to Claimant's cubicle and walking out after a few minutes, but did not show a key in Ustinovsky's hand.

On November 10, 2014, Claimant submitted a two-week notice of

---

**(continued…)**
discharge or temporary suspension from work for willful misconduct connected with his [or her] work …."

2

resignation, stating that his "last day of employment will be Nov.[ ]21st." Certified Record (C.R.), Item No. 6. Claimant told Corazza that he could not work with Ustinovsky, who he believed stole the vehicle key. Claimant was concerned about the safety of his family due to the missing key. He intended to work and earn money during the two-week notice period and had a scheduled delivery of a vehicle for a customer the next day at 1:00 p.m. As he was getting ready to go to work the next day, the sales manager called and told him that Corazza did not want him to be on Employer's premises.

Corazza mostly agreed with Claimant's testimony. Corazza testified that the sides of Claimant's cubicle were more than six feet high and that once Ustinovsky was in the cubicle, he could not be seen on the security camera. When questioned by Corazza, Ustinovsky denied Claimant's accusation, stating that he went to Claimant's cubicle to answer the phone when it rang as he was walking on the side of the showroom. Corazza told Claimant that the videotapes did not show Ustinovsky stealing Claimant's key and that he could not do anything about Claimant's accusation. Corazza testified that he did not allow Claimant to come to work during the two-week notice period because Claimant was visibly upset, was in no condition to deliver a new car to a customer and might work for another dealership taking away customers from Employer. Corazza further testified that Claimant was a good employee and could have his job back.

> The referee made the following factual findings in his decision:
>
> 8. The claimant submitted his 2 weeks' notice of resignation because he felt that he could no longer work there with the supervisor who he believed had stolen his key.
>
> 9. The employer did not believe there was sufficient evidence to prove that the supervisor had stolen the key and the supervisor was concerned about possible legal

3

action against the employer if anything else was done.

10. The employer, seeing that the claimant was very upset when he was handing in his resignation, did not allow the claimant to work out the 2 weeks' notice, but rather ended the employment on November 8, 2014.

11. As of the first week at issue, the week ending 11/29/14, the period of the 2 weeks' notice ending date had passed.

12. As of the period at issue, the claimant must be deemed to have voluntarily left work with the employer because he no longer wished to work with the supervisor, who he believed had stolen his vehicle key.

Referee's Findings of Fact Nos. 8-12. The referee concluded that Claimant failed to establish a necessitous and compelling reason for voluntarily leaving work and was, therefore, ineligible for benefits under Section 402(b) of the Law. The Board adopted and affirmed the referee's decision.

Claimant argues that he is entitled to benefits for the period of his unemployment, including the two-week notice period for his resignation. Claimant maintains that Employer discharged him on November 8, 2014 and did not allow him to work during the two-week notice period.[3]

A claimant has the burden of proving that his or her separation from

---

[3] Claimant reiterates his assertion before the Board that the referee rushed through the hearing. The Board rejected Claimant's assertion, stating: "The Referee allowed the claimant to explain his side of the story and asked the claimant at the end of the hearing if there was anything more to explain, to which the claimant replied no." Our review of the 20-page transcript of the hearing shows that the referee fulfilled his obligation to reasonably assist Claimant, who was proceeding *pro se*, to present evidence to support his claim, and "to elicit facts that are probative to [his] case." *Stugart v. Unemployment Comp. Bd. of Review*, 85 A.3d 606, 609 (Pa. Cmwlth. 2014). The record simply does not support Claimant's assertion. In the brief, Claimant further asserts that the supervisor, who allegedly stole his key, was fired in March 2015 and that he then accepted Employer's offer and got his job back at the end of March 2015. We note that because Claimant's averments of fact in the brief are not part of the certified record, they cannot be considered on appeal. *Empire Steel Castings, Inc. v. Workers' Comp. Appeal Bd. (Cruceta)*, 749 A.2d 1021, 1025 (Pa. Cmwlth. 2000).

employment was due to a discharge, rather than a voluntary quit. *Pa. Liquor Control Bd. v. Unemployment Comp. Bd. of Review*, 648 A.2d 124, 126 (Pa. Cmwlth. 1994). A claimant is considered to have voluntarily left employment when he or she exhibited a conscious intention to leave employment. *Procyson v. Unemployment Comp. Bd. of Review*, 4 A.3d 1124, 1127 (Pa. Cmwlth. 2010). On the other hand, if the language used by an employer possessed the immediacy and finality of a firing, a claimant has been discharged. *Keast v. Unemployment Comp. Bd. of Review*, 503 A.2d 507, 509 (Pa. Cmwlth. 1986). A determination of whether the claimant's separation was a voluntary quit or a discharge is a question of law to be determined by examining the facts surrounding the claimant's separation from employment, as found by the Board. *Pa. Liquor Control Bd.*, 648 A.2d at 126.

Claimant testified that he intended to continue to work during the two-week notice period for resignation. Corazza did not allow Claimant to work during that period because Claimant was visibly upset and might work for another dealership taking away customers from Employer. The Board found that Employer "did not allow the claimant to work out the 2 weeks' notice, but rather ended the employment on November 8, 2014." Referee's Finding of Fact No. 10.[4] The record thus establishes that Claimant was separated from employment when Employer discharged him on November 8, 2014, not two weeks later on November 21 or 22 at the end of the two-week notice period for resignation, as the Board stated. In addition, nothing in the record suggests that Claimant was discharged for

---

[4] In an unemployment compensation case, the Board is the ultimate fact-finder and is empowered to make credibility determinations. *Elser v. Unemployment Comp. Bd. of Review*, 967 A.2d 1064, 1069 n.8 (Pa. Cmwlth. 2009).

5

willful misconduct. The Board stated, however, that the two-week notice period had passed by Claimant's first benefit week, the week ending November 29, 2014, without addressing whether Employer paid Claimant wages during that two-week period. Hence, this matter should be remanded to the Board to determine the amount of benefits, if any, to be paid Claimant under Section 402(e) of the Law for the two-week notice period for his resignation, beginning November 8, 2104.[5]

As to Claimant's eligibility for benefits after the two-week notice period for his resignation, the record supports the Board's conclusion that he voluntarily quit his employment. To be eligible for benefits under Section 402(b) of the Law, a claimant must prove that the separation from employment was for a necessitous and compelling reason. *Karwowski v. Unemployment Comp. Bd. of Review*, 74 A.3d 1179, 1183 (Pa. Cmwlth. 2013). To meet that burden, the claimant must demonstrate circumstances which placed a real and substantial pressure upon him or her to terminate employment and which would also compel a reasonable person to act in the same manner. *Id.* Whether the claimant's termination of employment was for a necessitous and compelling reason is a question of law subject to this Court's plenary review. *Mansberger v. Unemployment Comp. Bd. of Review*, 785 A.2d 126, 128 (Pa. Cmwlth. 2001).

As the Board found, there was insufficient evidence supporting Claimant's accusation that his new supervisor stole the vehicle key. Claimant's testimony merely expressing his sincere but unsubstantiated belief about the supervisor's act alone cannot constitute a necessitous and compelling reason to leave employment. *Telesound Rentals, Inc. v. Unemployment Comp. Bd. of*

---

[5] We note that there is a one-week waiting period for unemployment compensation. Section 401(e)(1) of the Law, 43 P.S. § 801(e)(1).

*Review*, 616 A.2d 190, 192 (Pa. Cmwlth. 1992). An unsafe work environment can be a necessitous and compelling reason to resign. *Green Tree Sch. v. Unemployment Comp. Bd. of Review*, 982 A.2d 573, 577 (Pa. Cmwlth. 2009). Claimant, however, did not prove that his workplace was in fact dangerous. The record instead demonstrates only Claimant's fears over the safety of his family due to the lost vehicle keys, which cannot constitute a necessitous and compelling reason to resign. *Id.* at 578. Claimant also testified that the supervisor was a prankster and that he "could not work side by side" with that individual as his supervisor. Notes of Testimony at 11; C.R., Item No. 11. It is well established, however, that the claimant's potential personal conflicts with the supervisor and dissatisfaction with work conditions cannot support a necessitous and compelling reason to quit. *Creason v. Unemployment Comp. Bd. of Review*, 554 A.2d 177, 179 (Pa. Cmwlth. 1989).

Accordingly, we affirm the Board's order denying Claimant benefits under Section 402(b) of the Law, beginning with the compensation week ending November 29, 2014, and remand this matter to the Board to determine the amount of benefits, if any, to be paid Claimant under Section 402(e) of the Law for the two-week notice period for his resignation, beginning November 8, 2014.

                                                _____
                                                **BONNIE BRIGANCE LEADBETTER,**
                                                Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John F. Herron,                          :
                    Petitioner           :
                                         :
          v.                             :     No. 707 C.D. 2015
                                         :
Unemployment Compensation                :
Board of Review,                         :
                    Respondent           :

# **O R D E R**

AND NOW, this 10th day of December, 2015, the order of the Unemployment Compensation Board of Review (Board) denying Petitioner, John F. Herron, unemployment benefits under Section 402(b) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b), beginning with the compensation week ending November 29, 2014 is AFFIRMED. This matter is REMANDED to the Board to determine the amount of benefits, if any, to be paid Petitioner under Section 402(e) of the Law for the two-week notice period for his resignation, beginning November 8, 2014.

Jurisdiction relinquished.

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge