# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Laura L. Welsh,                    :
                    Petitioner     :
                                   :
        v.                         :  No. 650 C.D. 2016
                                   :  Submitted: August 26, 2016
Unemployment Compensation          :
Board of Review,                   :
                    Respondent     :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                    **FILED: November 14, 2016**


Laura L. Welsh (Claimant), representing herself, petitions for review of an order of the Unemployment Compensation Board of Review (Board) that affirmed the decision of a referee and denied her unemployment compensation (UC) benefits. The Board found Claimant ineligible for UC benefits pursuant to Section 402(b) of the Unemployment Compensation Law (Law)[1] because she voluntarily quit her employment without cause of a necessitous and compelling nature. Claimant asserts she proved a necessitous and compelling reason to quit because she did not feel she could perform the job without additional training. Agreeing Claimant did not take reasonable steps to preserve her employment, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(b).

## I. Background

Claimant worked as a full-time payroll benefits coordinator for Belaire Health and Rehabilitation (Employer) for less than two weeks in October 2015. After her separation from employment, Claimant applied for UC benefits. The local service center denied Claimant benefits under Section 402(b) of the Law. Claimant appealed, and a referee held a hearing.

At the hearing, the referee heard testimony from Claimant, Lynn Desmet, Employer's Administrator (Administrator), and Stephanie Farneth, Employer's Payroll Benefits Coordinator (Coordinator).[2] Based on the evidence presented, the referee determined Claimant was ineligible under Section 402(b) of the Law and affirmed the service center's decision.

Claimant appealed to the Board. The Board made the following findings.

Coordinator trained Claimant for her job on October 13-16, 2015, and October 20, 2015. Coordinator was away for training of her own in a new position during the second week of Claimant's training. Claimant voiced her concerns about inadequate training to Administrator during a meeting on October 23, 2015, stating she did not think the job was a good fit for her. Bd. Op., 3/8/16, Findings of Fact (F.F.) Nos. 1-4.

---

[2] Neither Claimant nor Employer was represented by counsel at the hearing.

Administrator agreed Claimant would need additional training. Administrator asked Claimant to reconsider quitting and to take the weekend (of October 24-25, 2015) to think about it. Administrator directed Claimant to return to work on Monday, October 26, 2015, to discuss additional training. F.F. Nos. 5-6.

Administrator developed a plan to help Claimant receive more training from Coordinator, once Coordinator finished her own training. Claimant reported to the office on October 26, 2015 at approximately 7:50 a.m., but Administrator did not begin work until 8:30 a.m. Claimant left work at 8:15 a.m. without speaking to Administrator. Claimant was not aware of Administrator's plan for additional training before Claimant left work and quit. Claimant quit because she did not feel she had adequate training to perform the job. F.F. Nos. 7-11.

Ultimately, the Board resolved the conflicts in testimony in favor of Employer, specifically finding that Administrator asked Claimant to return to work on October 26, 2015, to discuss additional training going forward. The Board found Employer had a plan as to how additional training would take place. Although Claimant did return to the office on October 26, 2015, she left without speaking to Administrator. Bd. Op. at 2. The Board found Claimant quit without giving Employer the opportunity to resolve Claimant's issue or hear what Administrator would say regarding additional training. Ultimately, the Board found Claimant did not take reasonable steps to preserve her employment by affording Employer an opportunity to resolve Claimant's issue. The Board further

3

found Claimant did not have a necessitous and compelling reason for quitting. Bd. Op. at 2-3. The Board concluded Claimant was ineligible for benefits under Section 402(b) of the Law. Thus, it denied benefits. Claimant's appeal to this Court followed.

## II. Issues

On appeal,[3] Claimant contends the Board's findings regarding her separation are not supported by substantial evidence. Specifically, Claimant challenges the Board's findings, asserting she was not told she would receive additional training, no training plan was put in place for her, she offered to come in over the weekend to preserve her employment, and, on her last day, she waited to meet with someone regarding additional training before voluntarily leaving work. Claimant maintains the Board should have relied on her version of the events, not that of Administrator and Coordinator. According to Claimant, she did not voluntarily quit her employment. Rather, Employer's failure to adequately train her resulted in a constructive discharge. Additionally, she claims the lack of training constituted a necessitous and compelling reason to quit employment.

## III. Discussion
### A. Substantial Evidence

In UC cases, the Board is the ultimate fact-finder and is empowered to resolve all conflicts in evidence, witness credibility and weight accorded to the

___

[3] Our review is limited to determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. Johns v. Unemployment Comp. Bd. of Review, 87 A.3d 1006 (Pa. Cmwlth.), appeal denied, 97 A.3d 746 (Pa. 2014).

4

evidence.  Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review, 949 A.2d 338 (Pa. Cmwlth. 2008).  It is irrelevant whether the record contains evidence to support findings other than those made by the fact-finder; the critical inquiry is whether there is evidence to support the findings actually made.  Id.  Where substantial evidence supports the Board's findings, they are conclusive on appeal.  Id.  In addition, we must examine the testimony in the light most favorable to the party in whose favor the fact-finder ruled, giving that party the benefit of all logical and reasonable inferences from the testimony.  Id.

Substantial evidence is such relevant evidence upon which a reasonable mind could base a conclusion.  Umedman v. Unemployment Comp. Bd. of Review, 52 A.3d 558 (Pa. Cmwlth. 2012); Johnson v. Unemployment Comp. Bd. of Review, 502 A.2d 738 (Pa. Cmwlth. 1986).  "The fact that [a party] may have produced witnesses who gave a different version of the events, or that [the party] might view the testimony differently than the Board is not grounds for reversal if substantial evidence supports the Board's findings."  Tapco, Inc. v. Unemployment Comp. Bd. of Review, 650 A.2d 1106, 1108–09 (Pa. Cmwlth. 1994).

Section 402(b) of the Law provides, "[a]n employe shall be ineligible for compensation for any week—[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature ...."  In a voluntary quit case, it is the claimant's burden to prove her separation from employment is involuntary.  Bell v. Unemployment Comp. Bd. of Review, 921 A.2d 23 (Pa. Cmwlth. 2007).  Whether a claimant's separation from employment is

5

voluntary or a discharge is a question of law for this Court to determine from the totality of the record. Id.

Here, the Board's findings regarding Claimant's voluntary separation from employment are supported by substantial, competent evidence in the record. Administrator testified Claimant spoke with her on October 23, 2015. At that meeting, Claimant informed her she did not think the job was a good fit for her. Administrator said to Claimant, "let me see what I have lined up for you for additional training." F.F. Nos. 4, 6; N.T. at 4.

In addition, Coordinator testified she advised Claimant during the first week of Claimant's training that Coordinator and Claimant would have more time to train together in the future. F.F. No. 7. Coordinator further testified that upon learning of her own upcoming training, she provided Claimant names, e-mail addresses and a telephone list of individuals to contact if Claimant had questions during Coordinator's training. N.T. at 21.

Administrator testified she had a plan to help Claimant receive more training from Coordinator. F.F. No. 7; N.T. 20, 25. Administrator also testified that once Coordinator completed her own training she would train Claimant "for the entire week or whatever [Claimant] needed." F.F. No. 7; N.T. at 25. Claimant did not give Administrator the opportunity to convey the plan for additional training. F.F. Nos. 9-10. Although Claimant reported to work on October 26, 2015, she left before Administrator arrived at work. F.F. Nos. 8-9; N.T. 22-23.

6

Claimant testified Administrator does not come into work until 8:30 a.m.  F.F. No. 8; N.T. 23-24.

Coordinator testified Claimant reported to work on October 26, 2015, a little before 8:00 a.m., but left at 8:15 a.m. without speaking to Administrator, who did not begin work until work 8:30 a.m.  F.F. Nos. 8-9; N.T. 22-23.  Although Claimant offered conflicting testimony, the Board resolved these conflicts in the evidence in Employer's favor.  Tapco, Inc.

To the extent Claimant contends the Board erred in finding Employer's evidence credible over her evidence, such credibility determinations are within the sole province of the Board and will not be disturbed on appeal.  See Ductmate; Tapco, Inc.

Upon review, we conclude the Board's findings are supported by substantial, competent evidence.  In turn, the Board's findings support the conclusion that Claimant voluntarily quit her employment.  Thus, we are satisfied the Board did not err in concluding Claimant voluntarily quit.

**B. Necessitous and Compelling Cause**

Claimant also contends she established necessitous and compelling cause to leave her employment because Employer provided inadequate training. According to Claimant, she attempted to preserve her employment in various ways on different occasions.  However, she asserts Employer did not have the means to provide her adequate training.

7

"Necessitous and compelling cause" occurs under circumstances in which there is a real and substantial pressure to terminate one's employment that would compel a reasonable person to do so. See Smithley v. Unemployment Comp. Bd. of Review, 8 A.3d 1027 (Pa. Cmwlth. 2010). An employee voluntarily terminating employment has the burden of proving her termination was necessitous and compelling. Mansberger v. Unemployment Comp. Bd. of Review, 785 A.2d 126 (Pa. Cmwlth. 2003).

In order to show necessitous and compelling cause, a claimant must show: (1) circumstances existed which produced real and substantial pressure to terminate employment; (2) such circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and, (4) the claimant made a reasonable effort to preserve her employment. Brunswick Hotel & Conference Ctr., LLC v. Unemployment Comp. Bd. of Review, 906 A.2d 657 (Pa. Cmwlth. 2006).

The question of whether a claimant has a necessitous and compelling reason to terminate employment is a question of law reviewable by this Court. Ann Kearney Astolfi DMD PC v. Unemployment Comp. Bd. of Review, 995 A.2d 1286 (Pa. Cmwlth. 2010). "[M]ere dissatisfaction with the employer's policies or procedures alone is not cause of a necessitous and compelling nature to voluntarily terminate employment." Tom Tobin Wholesale v. Unemployment Comp. Bd. of Review, 600 A.2d 680, 683 (Pa. Cmwlth. 1991).

Here, Claimant's assertions that she did not receive adequate training, that Employer failed to provide her adequate training, and that she took adequate steps to preserve her employment are not supported by the record.

To that end, after Claimant complained to Administrator about the need for more training, a meeting was held with Claimant, Administrator and Coordinator on October 23, 2015. F.F. No. 4; N.T. at 4. Both Administrator and Coordinator credibly testified they told Claimant to report to work on Monday, October 26, 2015 to discuss additional training. F.F. No. 6; N.T. 4, 21. Further, Administrator testified she had a plan to help Claimant receive more training from Coordinator. F.F. No. 7; N.T. 20, 25. Administrator also testified that once Coordinator completed her own training, she would resume training Claimant. Moreover, the meeting to address Claimant's concerns occurred on October 23, 2015, and Administrator intended to discuss the issue of her plan for more training for Claimant on October 26, 2015. F.F. Nos. 4, 6; N.T. 21-22, 25.

Claimant may not have liked the lack of immediate, additional training when she asked for it; however, Claimant only worked for Employer for a two-week period. The record evidences Employer's intention to address Claimant's concerns at the beginning of Claimant's third week of employment. By her own testimony, Claimant left work without discussing the additional training with Employer. F.F. Nos. 9-10; N.T. 22-23. Claimant did not make a reasonable attempt to preserve her employment. Consequently, she did not show a necessitous and compelling reason to quit.

9

## IV. Conclusion

In sum, the Board's findings are supported by substantial evidence. The Board properly determined Claimant was ineligible for benefits having voluntarily quit her employment without a necessitous and compelling reason. Accordingly, we affirm.

ROBERT SIMPSON, Judge

10

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Laura L. Welsh,                              :
                       Petitioner     :
                                     :
          v.                              :  No. 650 C.D. 2016
                                     :
Unemployment Compensation        :
Board of Review,                          :
                      Respondent :

# **O R D E R**

AND NOW, this 14th day of November, 2016, the order of the Unemployment Compensation Board of Review is AFFIRMED.

_____
ROBERT SIMPSON, Judge